| 73 | 389 |
| 131 | 630 |
| 73 | 389 |
| 182 | 647 |

## WILLIAM W. KIMBALL *et al.*

*v.*

## GEORGE G. CUSTER.

1. TRESPASS—*gaining admission into house by fraud.*  Where, by a preconcerted plan, one of several persons gains admission into a dwelling house in a peaceable manner, by fraud and falsehood and for a secret purpose unlawful in itself, and then unbolts the door and opens the same to admit his co-defendants, contrary to the will and command of the occupant's wife, he and those who thus obtain an entrance into the house all become trespassers.

2. Courts can not sanction an act accomplished by fraudulent means, and an act that may be lawful in itself can not be done by fraudulent or unlawful means.

3. LICENSE—*when revocable.*  A written license, like an unexecuted parol license, is revocable at the will of the party giving it.

4. CONTRACT—*must be construed by itself alone.* Where parties reduce their contract to writing, they must be governed by its provisions, and their intention must be gathered from the terms of the contract.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. E. A. STORRS, and Messrs. GOODWIN, OFFIELD & TOWLE, for the appellants.

Messrs. ELDRIDGE & TOURTELLOTTE, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of trespass, brought by George G. Custer, in the circuit court of Cook county, against appellants, Kimball, Woodruff and Chadwick, to recover damages for breaking and entering appellee's house, taking and carrying away a piano valued at $650.

The appellants pleaded the general issue, leave and license from appellee to Kimball to commit the trespass, and that the other appellants were acting as his agents; also that the piano was Kimball's property, and he took it in a quiet and orderly manner, the right of possession being in him.

A trial was had before a jury, which resulted in a verdict in appellee's favor for $750. A motion for a new trial was overruled, and judgment entered upon the verdict. The first point presented by the record arises upon appellee's first instruction, which was as follows:

" 1. The jury are instructed that actual injurious violence is not necessary to constitute trespass upon the premises of another, and that a person, having obtained a lawful and peaceable entry into the dwelling of another, becomes, by an abuse of the privilege for which he professes to enter, a trespasser, from the beginning, and such abuse may consist of doing any act or thing injurious to the occupier of the premises; and, therefore, if the jury find, from the evidence, that any person, by pre-concert with the defendants, obtained an entrance into

the dwelling of the plaintiff by subterfuge, and after such entry, contrary to the express command of the plaintiff's wife, said person unbolted and opened the door of plaintiff's house, for the purpose of allowing others to enter, that then the entry of defendants was a trespass, and they must find the defendants guilty."

In October, 1867, appellee purchased of appellant Kimball a piano for $650. He paid, at the time of the purchase, in cash and Kimball's note, $325. A contract of sale was delivered to appellee, by the terms of which the balance was to be paid at certain stated times. Appellee subsequently paid money on the contract, and at the time the piano was taken by appellants, the sum of $596 had been paid.

Previous to the taking, and on the 9th day of March, 1868, when only $425 had been paid, a new arrangement was entered into by the parties, the terms of which are in dispute, owing to the fact that the original receipt or contract signed at that time was destroyed in the Chicago fire. Appellants produced what they claimed to be a correct copy of the original, which read as follows:

" *Piano Forte Receipt.* Received of W. W. Kimball, this ninth day of March, in the year of our Lord one thousand eight hundred and sixty-eight, one instrument, No. 8,481, style 7, made by F. C. Lighte & Co., of New York.

The said instrument being in good order, and to be returned to the said W. W. Kimball, when called for, in as good condition as when received, except the careful use thereof. Said instrument on rent, at $.00 per month. The above instrument is not to be removed from No. 720 Fulton street, without written consent of said W. W. Kimball.

I also agree to pay all rents, insurance and drayage, in advance. Also, two dollars for each and every tuning; and upon default of so doing, he may immediately remove said instrument from my possession.

   (Signed)        GEO. G. CUSTER.

N. B. If the above described instrument is purchased at

the expiration of three months, the price of the instrument will be $225."

Appellee testified that, at the time this receipt was given, it was the understanding and agreement that it should not, in any manner, invalidate his title to the piano.

The last money paid by appellee after the execution of this instrument, was in the fall of 1869. In the spring of 1870, several demands having been made for money, without success, appellant determined upon taking possession of the piano. Appellee's house was, however, kept locked against appellant and his men, and they could not enter the house without difficulty. In order to effect an entrance into the house, a subterfuge was resorted to. An insurance agent employed by appellants went to the house of appellee, and obtained admission upon the pretense of examining the flues. He had only been there a short time when appellants came to the house, and appellee's wife bolted the door. The pretended insurance agent was requested to step out at the back door. He, however, saw appellants had arrived, and, although notified not to do so, he went to the door, unbolted and threw it open. Appellants came in and laid hold of the piano and carried it off.

It is conceded by appellants that the pretended insurance agent obtained possession by means of falsehood, fraud and deceit, but they claim that he, being once in the house peaceably, had the right to admit his confederates, and their subsequent acts did not amount to a trespass.

Courts can not, however, sanction an act accomplished by fraudulent means. An act that may be lawful in itself, can not be done by fraudulent or unlawful means. *Wanzer* v. *Bright*, 52 Ill. 35.

While it is true the pretended insurance agent obtained peaceable admission to the house, yet, the entrance having been obtained by falsehood and fraud, and for a secret purpose unlawful in itself, the moment he attempted to unbolt the door and open the house to admit his confederates, contrary to the

will and command of appellee's family, he, as well as those who thus obtained an entrance into the house contrary to the will of appellee, all became trespassers.

This is the principle announced in the instruction, and we regard it correct.

The house was kept fastened against the admission of appellants, which they knew. Had they broken down the door to gain an entrance, it is not denied that would have constituted a trespass. The mere fact, however, that one of their number effected an entrance without force, by fraudulent means, and, upon the approach of the others, contrary to the will and command of the inmates of the house, unbolted the door and allowed them to rush in, can place the act in no more favorable attitude than if the door had been broken.

It is, however, claimed that appellant Kimball was licensed by the receipt to take the piano, and this carried with it the right to enter the house for the purpose of effecting a removal.

If the receipt, by a fair construction of the language used, could be held to constitute a license, it had no greater force than an unexecuted parol license, and was revocable at the will or option of appellee. *Ruggles* v. *Lesure*, 24 Pick. 187. But it will be observed that the receipt, by its terms, only authorized the removal of the piano upon default of payment of two dollars for each and every tuning of the piano, and it does not appear, from the evidence, that the piano was tuned at all, and hence there was no default upon the part of appellee.

It may have been the intent, when the receipt was drawn, to authorize a removal of the piano upon the failure to pay rent, but such is not the reading of the instrument. When parties reduce their contract to writing, they must be governed by its provisions, and the intention must be gathered from the terms of the contract.

Should we depart from the usual rule, and resort to other facts to determine what was meant by the parties, such would be no benefit to appellant Kimball, because it is apparent, from all the facts, aside from the receipt, that the piano was the property of appellee, and the rent mentioned in the receipt was

a *fiction.* There was, no doubt, a balance due on the piano, which, when paid in rent, was to discharge the debt.

From what we have said, it follows, the modification of appellants' instructions was proper, and the sixth and twelfth instructions of appellants were properly refused.

We fail to see any substantial error in the record. The judgment will, therefore, be affirmed.

*Judgment affirmed.*

Mr. JUSTICE McALLISTER, dissenting:

In my judgment, the instruction for appellee set out in the opinion of the majority of the court is clearly erroneous. It tells the jury that an abuse of a license given by a party renders the licensee a trespasser from the beginning. Such a consequence follows only from abuse of authority given by the law. *Allen* v. *Crowfoot,* 5 Wend. 506.