Dinet v. Eilert.

## JOSEPH DINET

### v.

## ALEXANDER EILERT.

1. ESTOPPEL BY CONDUCT.—The necessary elements of an estoppel by conduct are: 1. A representation or concealment of material facts. 2. The representation must have been made with knowledge of the facts. 3. The party to whom it was made must have been ignorant of the truth of the matter. 4. It must have been made with the intention that the other party should act upon it. 5. The other party must have been induced to act upon it.

2. INSTRUCTION.—As the instruction given in this case upon estoppel by conduct was clearly defective and misleading, the judgment is reversed.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed June 27, 1883.

Messrs. FORRESTER & FELSENTHAL, for appellant; that fixtures if not removed by the tenant during the term, become a part of the realty, cited 1 Washburn on Real Property, 18.

As to the Statute of Frauds: 1 Washburn on Real Property, 602; Swanzey v. Moore, 22 Ill. 65; Wheeler v. Frankenthal, 78 Ill. 125; Mitchell v. King, 77 Ill. 466; Hughes v. Lumsden, 8 Bradwell, 187; Bliss v. Gardner, 2 Bradwell, 426.

An estoppel where title to real estate is involved, can not be enforced in a court of law: Mills v. Graves, 38 Ill. 355.

As to a landlord's lien: O'Hara v. Jones, 46 Ill. 288; Furlong v. Cox, 77 Ill. 293; Dorland v. Bradley, 66 Ill. 412.

Mr. H. H. ANDERSON, for appellee; as to a mortgagee's possession, cited Richardson v. Rardin, 88 Ill. 124; Harris v. Evans, 81 Ill. 419; Froth v. Parsley, 82 Ill. 157.

McALLISTER, J. This case was before us at a former term, and is reported in 9 Bradwell, 644. On a second trial below, in order to make out title in the plaintiff, Eilert, to the property in question, which consisted of a building standing upon

land admitted to belong to the defendant, Dinet, and a boiler and engine contained in such building, the plaintiff sought to introduce matter of estoppel by conduct as against Dinet, occurring at the time of a sale of said property from one Louth to Smith, from whom plaintiff derived his title. As to the facts, on which the above estoppel was based, there was, however, a close conflict of testimony. The court below instructed the jury upon that point, thus: "But if Smith bought the property of Louth after conversation with Dinet, in which conversation Dinet was informed that Smith was buying the property of Louth, and if in that conversation Dinet, knowing that Smith was about to buy the property, induced Smith to believe that Louth had the right to sell it, and that he consented to the sale of the property by Louth to Smith, and that Smith should become his tenant as to the ground, and Smith acted upon such consent, and bought the property of Louth, then Dinet can not now deny the title of Smith to the property, nor the title of any one to whom Smith's title has passed. This is by way of what is called an estoppel, which prevents a party from showing that a state of facts which he has induced another to believe to be true, and to act upon to his injury, if the facts are otherwise, from disputing the truth of what he has so induced the others to believe and act upon."

We are of opinion that the foregoing falls essentially short of an accurate statement of the doctrine of estoppel, as applicable to this case. First, it omits all reference to the means by which Dinet induced Smith to believe that Louth had the right to sell the property, whether by representation or concealment of material facts. Second, such direction to the jury fails to require them to find whether Dinet willfully, intentionally, or even voluntarily, induced Smith to so believe. Indeed, it does not require them to find that Dinet said, did, or omitted anything, which ought to induce any reasonable man to so believe. The necessary elements of an estoppel by conduct, as deducible from English and American leading cases, are: 1. There must have been a representation or concealment of material facts. 2. The representation must have

been made with knowledge of the facts.  3.  The party to whom it was made must have been ignorant of the truth of the matter.  4.  It must have been made with the intention that the other party should act upon it.  5.  The other party must have been induced to act upon it.  Bigelow on Estoppel, 480, *et seq.*

When tested by these elementary rules, and which we regard as sufficient for the purpose, the instruction under consideration was clearly defective and misleading; and for the giving which the judgment below in favor of the plaintiff, must be reversed and the cause remanded.

Reversed and remanded.