## MOSES ULLMAN

### v.

## WILLIAM EGGERT & COMPANY, FOR USE, ETC.

*Garnishment—Partnership—Mistake—Estoppel—Practice.*

1. Where a garnishee has answered confessing an indebtedness to a firm which was then supposed by him to be composed of the judgment debtors, he should be allowed to file a second answer upon discovering that the firm to which he is indebted is not identical with the one named.

2. Where there is no relation of trust, or by contract, between the parties, it is of the essence of an estoppel *in pais* that the party against whom it is set up should have had knowledge of the facts at the time of the action by which it is claimed he is estopped.

3. It *seems* that a debtor of one firm can not be held as garnishee of another, though there be a member or members common to both.

[Opinion filed March 13, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. MOSES & NEWMAN, for appellant.

As to the practice of courts to permit new or amended answers, see Wade on Attachments, Vol. 2, Secs. 383, 384; Carrique v. Sidebottom, 3 Metc. 297; Davis v. Oakford, 11 La. An. 379; Tapp v. Green, 22 La. Ann. 12; Neilson v. Scott, Rice's Dig. (S. C.) 80; Lewis v. Dunlop, 57 Miss. 130; Lewis v. Prenatt, 24 Ind. 98.

Ullman v. Wm. Eggert & Co.

Drake on Attachments (6th Ed.) Sec. 650, says: "The propriety of allowing a garnishee to amend his answer, or to put in a new answer, has in several instances been the subject of discussion, and it has usually been sustained. There is, indeed, no sufficient·reason why an amendment in such case should not be permitted."

It can not be reasonable to suppose for one moment that a garnishee can be misled by the plaintiff into an answer of indebtedness to one defendant, when, in fact,·he is indebted to another. Plaintiffs should not be permitted to reap an advantage over the garnishee by first suing "Wm. Eggert & Co.," without giving their real names, and then forcing the garnishee into a judgment, when such judgment can not protect him against his real creditor. Courts must protect the garnishee under such circumstances or fail in their duty to administer justice. Waples on Attachment, Secs. 368, 228, 204.

Messrs. KRAUS, MAYER & STEIN, for appellees.

Even conceding that the change in the firm took place as alleged, yet the court below was correct in announcing its belief, and deciding the case in accordance therewith, that in view of the agreement and other circumstances shown to exist between the defendants and appellant's firm, there would, as between William Eggert and his son, be no difficulty whatever in giving credit to appellant and his firm, upon their indebtedness to defendants, for the amount of plaintiff's judgment against appellant. And there are authorities which hold the garnishee liable upon such a state of facts as claimed by him and the defendants to exist in this case. McCarthy v. Emlen, 2 Dall. 277; Same v. Same, 2 Yeates, 190; Schatzill v. Bolton, 2 McCord, 478.

The policy of this State, as of every other, is to favor the home creditor as against non-resident debtors, and the court not being bound (as counsel admit) to allow the third answer to be refiled, very properly exercised its discretion by preferring the former and permitting him to collect what was justly his due, without tedious and expensive litigation on the issues sought to be raised by the third answer.

The facts admitted by appellant are amply sufficient to estop him from denying the truth of what he then told plaintiffs. It was his act which caused them to change their position by bringing suit and subjecting themselves to expense. Were we now to be permitted to deny this indebtedness to the defendants, such denial would work a fraud upon plaintiffs. Mann v. Oberne, 15 Ill. App. 35.

It is the settled law that the expenditure of money in litigation, in consequence of statements made by the parties sought to be estopped, is sufficient to raise an estoppel. "It matters not if the party acting upon the representation was justified in so doing, how he has changed his position, whether by the purchase of property, the surrender of possession, the erection of improvements, or other outlay upon lands or goods, about which the estoppel is claimed, or the expenditure of money in litigation." Bigelow on Estoppel, 2d Ed., 492; Linnegan v. Carraher, 47 N. Y. 493; Trustees v. Williams, 9 Wend. 147; Hall v. White, 3 Carr. & P. 136; Lewis v. Lamphere, 79 Ill. 187; Lord v. Williams, 24 N. Y. 359.

If the plaintiff was induced to incur the expense of the litigation in reliance upon a statement of the defendant establishing his liability, which, though not true, the plaintiff had reason to believe to be so and to rely upon, the defendant is estopped to deny the truth thereof. Expenditures in litigation may as reasonably constitute the basis of an estoppel as any other expenditure. Meister v. Birney, 24 Mich. 435.

If the owner of goods represents that they belong to B, and the party to whom the representation is made, relying thereon, attaches the goods for a debt due from B, the owner, in a suit in trover brought by him for the value of the goods, will not be permitted to show that his representation was false, and that he was the real owner of the goods, although at the time he made the representation he had no notice of the debt on which the goods were attached, and had no intention to deceive the party who attached them. Horn v. Cole, 51 N. H. 287.

It need not appear, in order to create the estoppel, that there was a design on the part of appellant to mislead us. It is

sufficient if the act is calculated to mislead a person who acts upon it in good faith. Manufacturers' Bank v. Hazard, 30 N. Y. 226; Racine Bank v. Lathrop, 12 Wis. 466.

An estoppel arises if the acts of the party sought to be estopped produce an unjust or fraudulent result. It is not necessary that the purpose of the party be fraudulent. Kinnear v. Mackey, 85 Ill. 98; Flower v. Elwood, 66 Ill. 447; Chandler v. White, 84 Ill. 435; Mayer v. Ehrhardt, 88 Ill. 452; 2 Smith's Lead. Cas. *643.

GARY. J. From the voluminous affidavits and counter affidavits in this record, it appears, or seems to appear, that in the city of New York there has been for many years a firm of tobacconists using the firm name of William Eggert & Co.; that in April, 1885, the individual who was the company in the firm, left it, and another took his place, the firm name continuing without change; that the old firm was indebted to the appellees; that the firm of Ullman, Bloom & Co., in Cincinnati, of which appellant is a member, bought goods of and were indebted to the new firm; that, without knowledge by either the appellant or the appellees of the change in the New York firm, they amicably arranged that the appellees should commence, in the Circuit Court, an attachment suit against William Eggert & Co., and summon the firm of the appellant as garnishees therein.

After this had been done, so far as could be, by summoning the appellant, and he had answered, confessing an indebtedness by his firm to the New York firm sufficient to cover the claim of the appellees, he discovered that the firm in New York to which his firm was indebted was not the same firm that owed the appellees. Within no reasonable space could any summary of the charges and counter charges of these parties be made. It is enough to say that no facts appear by which the appellant is estopped to set up the change in the New York firm.

Where there is no relation of trust, or by contract between the parties, it is of the essence of an estoppel *in pais* that the party against whom it is set up should have had knowl-

edge of the facts at the time of the conduct by which it is claimed he is estopped. Bigelow on Estoppel, 467; Dinet v. Eilert, 13 Ill. App. 99; People v. Brown, 67 Ill. 435. That ground fails here. It would be unjust that the firm of the appellant, or he individually, should be compelled to pay to the appellees the debt of the old New York firm, unless that payment would discharge an equal amount of their indebtedness to the New York firm. That it would have that effect is not asserted by the appellees. Lyndon v. Gorham, 1 Gallison, 367, and Upham v. Naylor, 9 Mass. 490, are direct authorities that a debtor of one firm can not be held as garnishee of another, though there be a member common to both firms.

The Circuit Court should have permitted the appellant to present his defense. This opinion is not to be understood as deciding that he has any defense. The facts are to be ascertained hereafter. The judgment is reversed with directions that the appellant have leave to refile the second answer filed February 11, 1888.

*Reversed and remanded.*