# CYRUS M. HAWLEY

## v.

## SIMON FLORSHEIM ET AL.

*Contracts—Party Walls—Estoppel* in Pais—*Damages—Evidence— Set-off—Verdict.*

1. Parties in entering into contracts do not generally undertake to answer for damages arising from loss of special bargains which may thereafter be offered. To render them liable for such loss the contract must be made in view thereof or with reference thereto.

2. A party contracting to construct a party wall or to do work of any kind, assumes to be possessed of the skill necessary to enable him to perform his contract, and he must be presumed to know and understand the terms of his agreement; if he fails to fulfill his undertaking, if in violation of his promise he does his work in a negligent and improper manner, it is not a sufficient excuse and will not relieve him from responsibility, that the owner, knowing of the improper work when it was going on, failed to remonstrate and object.

3. The doctrine of estoppel *in pais* is based upon a party being misled by conduct upon which he had a right to rely, but a party having contracted to do good work, has no right to rely upon the owner's failure to object to poor.

4. He who undertakes to do a thing, not in and of itself impossible, is bound to do whatever it is within the scope of private action, without violating the law, to accomplish; and this notwithstanding it was and is beyond his power; the presumption in such cases is that he knew when he made his contract, the difficulty he would encounter in making performance.

5. In the case presented, this court holds that in view of the wording of the contract involved, that the defendant can not complain of any delay caused by the failure of appellees to get possession on account of the occupancy of the building by defendant's tenant.

6. For loss of rents occurring through the negligence of contractors, damages for the loss of a fair rental value may be recovered, but not for loss of what might be offered by responsible parties.

7. Some damage would necessarily be done to other portions of a building in rebuilding a party-wall. In an action brought to recover upon a contract to rebuild such wall, the defendant is entitled by way of set-off and recoupment, to show with reasonable certainty, to the satisfaction of the jury, the loss arising from damage, for the doing of which he is entitled to recover.

8. Absolute certainty of proof is not required in jury or other trials. The reasonable certainty required, applies not only to the amount of damages, but to the severance or establishment of items and amounts

for which damage is allowable, from those for which damages are not permissible.

9. If the jury in a given case, having heard all the evidence, find under the instructions of the court that a party is entitled to recover, and have with reasonable certainty established the amount of his damage, they may give him a verdict therefor.

[Opinion filed May 2, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. STIRLEN & KING, for appellant.

Messrs. C. H. REMY and J. B. MANN, for appellees.

WATERMAN, P. J. The parties to this appeal having entered into a contract, and appellees claiming that they had fully performed what thereby they undertook, brought suit against appellant; he filed pleas of set-off and recoupment, claiming to have been damnified to the extent of $20,000 by their negligent and improper conduct in and about the execution of the said contract, which was as follows:

"This agreement, made this sixteenth day of January, A. D. 1890, between Cyrus M. Hawley, of the city of Chicago, in the county of Cook and State of Illinois, party of the first part, and Simon Florsheim and Philip Florsheim, of the same city, party of the second part, witnesseth that the said party of the second part, for and in consideration of the sum of twelve hundred ($1,200) dollars, to be paid to them by the said party of the first part, at the time and upon the conditions hereinafter mentioned, to wit:

That the said second party, their heirs or assigns, hereby promise and agree to shore up the several floors, roof and joists of the building of the party of the first part, which covers his south thirty-four (34) feet of lot four (4), in block six (6), in fractional section fifteen (15) addition to said city, and known by numbers 211 and 213 Wabash avenue, and sheet or side up the shoring joists, and in all respects make

secure and safe the said building preparatory to taking down the present south wall thereof, and the erection of a new party-wall in its place; and the said party of the second part further agrees for and upon the consideration aforesaid, to take down the said south party-wall and build a new, substantial party-wall in place of the present one, of sufficient strength to sustain a seven-story building above the basement story, as soon as practicable, and within sixty days from the date hereof; and upon the further consideration that the party of the first part, his heirs or assigns, as joint owner of said party-wall, shall have the right of the use of the same, when constructed, from its foundation to its extreme height in perpetuity, without further or other cost or expense to him, his heirs or assigns.

And the said party of the second part further agrees that in shoring up the said building, and in taking down the said wall, and in constructing the new wall as aforesaid, they will not change the front elevation nor the stone pilasters and facing of the building of the party of the first part, and will join the new wall at both the east and west ends of the building of the party of the first part in a secure and water-tight manner, so as not to make the new wall, nor that of the building of the party of the first part liable to injury; and the said party of the second part agrees not to unnecessarily tear up or injure the inside of the building of the party of the first part in performing their obligation in conformity to this agreement.

And the party of the first part agrees to pay on the fulfillment of this agreement as aforesaid, to the party of the second part the said sum of twelve hundred ($1,200) dollars as aforesaid, and put in order the inside of his said building after the said shoring is removed by the said party of the second part.

In witness whereof, the said parties to these presents have hereunto set their hands and seals the day and year first above written.

C. M. HAWLEY.    [SEAL.]
SIMON FLORSHEIM.    [SEAL.]
PHILIP FLORSHEIM.    [SEAL.] "

The jury returned a verdict of $1,296 for appellees, upon which there was judgment, from which this appeal is prosecuted.

It appeared upon the trial that at the time the contract was made, the premises, 211 and 213 Wabash avenue, were occupied by Mr. Fenton, a tenant of Mr. Hawley. Fenton's lease did not expire until May 1, 1890. In consequence of the occupation of the premises by Fenton, the Florsheims did not get full possession until the middle of February. Hawley insisted that under the contract he was not bound to give possession, and declined to put the Florsheims in possession, although he endeavored to persuade his tenant to yield and let the work go on, offering to let him occupy rent free for the balance of the term if he would let the Florsheims go on with the work. Hawley was at this time resting under a compulsory order from the building department of the city of Chicago to put up a new party-wall. The Florsheims claimed to have completed their contract by the middle of March, and on April 5th, they gave to Hawley formal written notice that their work was complete, and then demanded from him payment of the $1,200 they were to receive for building the party-wall.

Hawley claimed that in fact the Florsheims never complied with their contract; that he knew of no vacation of the premises by them until June 13th; that on the 12th of June they were clearing away dirt, and that in consequence of his premises being in the condition they were on the 1st of May, he lost all opportunity to rent at that time. Hawley also claimed that in many respects the work of the Florsheims was improperly done and without regard to the terms of the contract, and that his building was greatly injured in consequence of such conduct of the Florsheims. It appeared that when the contract was made the Florsheims knew of the lease to Fenton.

The general rule that the owner of premises contracting for the doing of work thereon, thereby gives a license to go upon his land is not disputed by appellant, but it is insisted that appellees, knowing, as they did, that the right to give

possession was not then in Hawley but in his tenant, Fenton, they thereby assumed the burden of obtaining possession the same as they assumed the task of procuring the brick and mortar with which to build the wall. He who undertakes to do a thing, not in and of itself impossible, is bound to do whatever it is within the scope of private action, without violating the law, to accomplish; and this notwithstanding it was and is beyond his power; for the presumption is that he knew when he made his contract the difficulty he would encounter in making performance. Bishop on Contracts, Sec. 591; Chitty on Contracts, 11th Am. Ed., 1074; Walker v. Tucker, 70 Ill. 527.

Appellees did agree to take down and rebuild a party-wall, and this necessarily involved the obtaining possession of so much of the building as should be necessary for such purpose; but appellant in the contract described the building as his; the contract signed by him was that appellees should shore up the floors, etc., of the building of the party of the first part, appellant; the contract of appellees was that they would not change the facing of the building of the party of the first part, and would join the new wall at the east and west ends of the building of the party of the first part in a secure and water-tight manner, and further that they would not unnecessarily tear or injure the building of the party of the first part. Appellant is now seeking to recover damages for an alleged failure by appellees to fulfill these covenants. We think that appellant, by thus describing the building as his, thereby undertook that for the purposes of the contract it was his, and that he can not complain of any delay caused by the failure of appellees to get possession on account of the occupying of the building by appellant's tenant.

Upon the trial appellant offered to prove that in the spring of 1890, the Cottage Organ Company, a responsible party, offered to rent the premises at a rental of $10,000 per year, provided he would give possession by May 1st; and that he lost that tenant by reason of the failure of appellees to complete the wall, so that the building could be

put in order by that time. The refusal of the court to allow the introduction of such evidence is assigned as error.

| Parties in entering into contracts do not generally undertake to answer for damages arising from loss of special bargains which may thereafter be offered. To render them liable for such loss the contract must be made in view thereof or with reference thereto. Snell v. Cottingham, 72 Ill. 161.

For loss of rents caused by their negligence appellees would be liable—that is, for loss of the fair rental value of the premises—but not for loss of what might be offered by responsible parties. Appellant did not offer to show what the fair market rental value of the premises was, but merely what he had been offered by a responsible party; such evidence was properly refused.

The fourth instruction given for the plaintiff is so worded as to be apt to mislead. "Damages occasioned," that is, caused, "*after* the completion of the wall," could not be caused by its improper construction.

A party contracting to construct a party-wall, or to do work of any kind, assumes to be possessed of the skill necessary to enable him to perform his contract, and he must be presumed to know and understand the terms of his agreement; if he fails to fulfill his undertaking, if in violation of his promise he does his work in a negligent and improper manner, it is not a sufficient excuse, and will not relieve him from responsibility, that the owner, knowing of the improper work when it was going on, failed to remonstrate and object. Davidson v. Young, 38 Ill. 145, 152; Bigelow on Estoppel, 662, 670; Dinet v. Eilert, 13 Ill. App. 99.

The doctrine of estoppel *in pais* is based upon a party being misled by conduct upon which he had a right to rely; but a party having contracted to do good work, has no right to rely upon the owner's failure to object to poor.

The sixth and seventh instructions for the plaintiff ought not therefore to have been given. The tenth instruction for the plaintiff ought also not to hav been given.

As to a number of things complained of in the pleas of

set-off and recoupment, appellees assumed by their pleadings the burden of proof : as that the breaking of the stone sills were unavoidable injuries; that the acts mentioned in the twelfth replication were necessary; that the destruction of drain and sewer pipes was necessary; as to these matters there could be no commingling of proof of amount of damages necessarily and unnecessarily caused, because as to these things, under the pleas of appellees, the issue made was that all of the damage so caused was necessary and unavoidable. Some damage would necessarily be done to other parts of the building in rebuilding a party-wall.

As to the claims of set-off and recoupment made by appellant, it was for him to show, first, the doing of damage which he had not authorized appellees to do; second, the amount of such damage; it was not incumbent upon him to show anything about the amount of the damage necessarily done; nor was it incumbent upon him to mark out with clearness, so that in the language of the instruction it " can be said," how much was necessarily and how much unnecessarily done; it was for him to show with reasonable certainty, to the satisfaction of the jury, the loss arising from damage, for the doing of which he is entitled to recover.

Absolute certainty of proof is not required in jury or other trials. The reasonable certainty required applies not only to the amount of damages, but to the severance or establishment of items and amounts for which damage is allowable, from those for which damages are not permissible.

If the jury, having heard all the evidence, find, under the instructions of the court, that a party is entitled to recover, and have with reasonable certainty established the amount of his damage, they may give him a verdict therefor. Sedgwick on Damages, Sec. 170; Ogden v. Lucas, 48 Ill. 492; C. & N. W. Ry. Co. v. Hoag, 90 Ill. 339; Allison v. Chandler, 11 Mich. 542.

For the errors indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*