Lucas R. Williams v. The Press Publishing Company.

Gen. No. 12,326.

1. MOTION TO SUPPRESS—*what objections must be raised by.* Lack of preliminary proof and the failure to attach the original books of account to the depositions offered are both objections which must be made by motions to suppress.

2. GUARANTY—*what not.* An instrument set forth in the opinion held not a guaranty, but an original, independent undertaking.

3. CONTRACT—*when extrinsic evidence not competent to aid interpretation of.* Where the character of the liability incurred by the defendant under the instrument in question is defined by clear and decisive language, leaving no room for construction, extrinsic evidence is not competent.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Affirmed. Opinion filed April 10, 1906.

CRATTY BROS., JARVIS & LATIMER, for appellant.

HENRY W. BRANT, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

Appellee brought *assumpsit* against appellant in the Superior Court and recovered a judgment for $919.38, and the defendant appealed. The declaration consisted of the common counts and the plea was *non assumpsit.* The demand of the plaintiff was founded upon the following instrument in writing of the parties:

"$357.70.        PITTSBURG, PA., April 20th, 1903.

The Pittsburg Press is authorized to publish my display advertising as follows:

Space, fourteen lines. Insertions, daily and Sunday. Period, one year. Price, seven cents per line. Payable monthly. Additional space at pro rata rate. In case advertising is discontinued the time rate for quantity used to be charged. All advertisements subject to approval.

            L. R. WILLIAMS,

                     636 Penn. Ave., Pittsg.

Accepted,

         W. W. KEVAN,

             For Press Publishing Co."

The evidence for the plaintiff was in substance that the contract above set forth was made in renewal of a previous contract for advertising between the parties which had expired; that when the contract in question was made, defendant said to Kevan, who signed the contract for the plaintiff, "You will get your orders (for advertising) from Mr. Chipman, my manager, as heretofore;" that Chipman gave to Kevan, the advertising solicitor of the plaintiff,

each day, the order for the following day's advertising, which orders Kevan entered in the advertising book of plaintiff; that the plaintiff published in July, 1903, 5898 lines of advertisements for the defendant, which at seven cents per line amounted to $412.86, and in August, 7236 lines, which at the same price amounted to $506.52, making a total for the two months of $919.38.

The question of the admissibility of the transcripts from the books of the plaintiff showing the amount of advertising done by plaintiff for the defendant in July and August, 1903, is not presented by the record.  The deposition of Milholland, the business manager of the plaintiff, was taken by the plaintiff, upon oral interrogatories, at Pittsburg, Pa., some months before the trial, and at the taking of said deposition the defendant was represented by counsel who cross-examined the witness.  Said deposition is in part as follows:

"Q.   I show you Exhibit 'B' and ask you whether it is a copy of the book entries of the L. R. Williams account?

A.   It is.

Q.   Does it show the amount of the daily advertising furnished Dr. Williams under the contract?

A.   It does.   Plaintiff's counsel offered Exhibit 'B' in evidence and defendant's counsel enters no objection."

Exhibit " B " is attached to the deposition and stated the number of lines of advertisements published each day during the months of August and July, 1903.   There was no motion to suppress the deposition or any portion of it and it was read in evidence at the trial without objection on the part of the defendant.   The evidence was relevant, and the only possible objection to it was, that the preliminary proof as to the books of plaintiff was insufficient and that a copy of the contents of the book was attached to the deposition in lieu of the original book of account.   Such objections must be made on motion to suppress and cannot be made for the first time at the trial or on appeal.   I. C. R. R. Co. v. Foulks, 191 Ill. 57; Louisville, N. A. & C. R. R. Co. v. Shires, 108 Ill. 617.

Appellant contends that the contract in question is a contract of guaranty and at the trial offered evidence to show that by the law of Pennsylvania, where the contract was made, an action cannot be maintained on a contract of guaranty until after judgment and execution against the person whose debt it guaranteed, or proof by the plaintiff that such suit would have been of no avail, and the trial court excluded the evidence. The contract of guaranty is a collateral undertaking and cannot exist without the existence of a liability on the part of a third person to which it is collateral.

The defendant did not by the terms of the instrument in question undertake to answer for the debt, default or miscarriage of any third person, but that contract is clearly an original independent contract between plaintiff and defendant upon which he was liable to the plaintiff as an original promisor. Kilbride v. Moss, 113 Calif. 432; Moorehouse v. Crangle, 36 Ohio S. 130; Hill v. Smith, 21 Howard, 283; Green v. Brookins, 23 Mich. 48.

In Hill v. Smith, *supra*, the word "guaranty" was used in the contract, and it was held an original agreement and not a guaranty.

It is not material to inquire as to the conversations or correspondence between the officers of the plaintiff and the defendant prior to the execution of the instrument in question. "When parties reduce their contract to writing they must be governed by its provisions and the intention must be gathered from the terms of the contract." Kimball v. Custer, 73 Ill. 389–393.

The character of the liability incurred by the defendant under the instrument in question was defined by clear and decisive language, leaving no room for construction, and bringing the case within the rule that requires such liability to be ascertained and the intention of the parties to be gathered from the terms of the instrument without the aid of extrinsic evidence.

The cases cited which hold that, where a promissory note is held by the payee, it may be shown by parol that one of

CHICAGO—FIRST DISTRICT—A. D. 1906. 113

Graham & Morton Trans. Co. v. City of Chicago.

the makers signed as surety for the other, are not in point. " Such proof does no violence to the rule, that a written instrument cannot be varied by parol, for it does not affect the terms of the contract, but establishes a collateral fact merely and rebuts a presumption." Ward v. Stout, 32 Ill. 399–410.

We find no error in the rulings of the court upon questions of evidence or in the refusal of instructions asked by the defendant, and think that the verdict is not against the evidence.

The judgment of the Superior Court will be affirmed.

*Affirmed.*