(No. 20824.—

ANNA M. BOLAND, Appellee, *vs.* ROLLO H. WALTERS, Appellant.

*Opinion filed October 23, 1931—Rehearing denied Dec. 4, 1931.*

DECK, JACK & BOGGESS, for appellant.

McDAVID, MONROE & MANN, for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Anna M. Boland filed a bill of complaint in the circuit court of Macon county to restrain Rollo H. Walters from obstructing a private driveway between their respective residences. An answer and a replication were filed and the cause was referred to a special master in chancery who reported the evidence and recommended a decree in conformity with the prayer of the bill. Such a decree was entered and the defendant prosecutes this appeal.

Rollo H. Walters, the appellant, owns lot 16 and the east 15 feet of lot 15, in block 3, in Starr & Mills' First addition to the city of Decatur. The parcel of ground is situated at the northwest corner of Lincoln avenue and Silas street and has a south frontage on the former street of 55 feet and a depth along the west line of the latter of 150 feet. An eight-room frame house stands about 30 feet north and 12 feet east of the south and west boundaries of

the ground respectively, and the appellant has occupied the premises as his homestead since 1905.

On October 20, 1905, John Boland acquired the title to the east 15 feet of lot 14 and the west 25 feet of lot 15 in the same block and subdivision. This parcel of ground has a south frontage on Lincoln avenue of 40 feet, a depth of 150 feet and adjoins the property of the appellant on the west. A public alley runs east and west at the rear of the lots of the parties to the suit.

The parcel of land acquired by Boland was unimproved when he purchased it. He first erected a barn at the northwest corner of the lot. Afterwards he conferred with the appellant concerning a private driveway for their common use and by mutual agreement such a way was laid out, the center of which longitudinally coincided substantially with the line dividing their properties. Wooden curbs for the driveway were first constructed but later they were replaced by a concrete curb on the east and a concrete and brick curb on the west side, each owner defraying the expense of the new curb on his property.

In the year 1906, Boland built a two-story frame dwelling house upon his ground. The house consists of seven rooms, bath-room and basement and, exclusive of a bay window projecting two feet five inches to the east, is 26 feet ten inches wide and 46 feet four inches long. The southeast corner of the house is 34 feet north of the street line and five feet nine and one-half inches west of the east boundary of the lot. Immediately south of the bay window and near the center of the east side of the house is a door through which entrance is gained to the house from a walk running to the street and from the driveway two feet to the east. In the foundation wall, near the northeast corner of the house, is a window through which coal is delivered to the basement from the driveway. The furnace is located in the center of the north end of the basement.

Boland died testate in October, 1916, and the appellee, his widow, became the owner of the property as his devisee. Shortly thereafter, she converted the barn at the northwest corner of the lot into a two-car garage. Automobiles reach the garage over the common driveway and enter it through doors in the east wall.

The evidence introduced by the appellee shows that Boland first proposed to locate his house near the east line of his lot with a driveway west of the house from which access might be gained to the house through a door in the west wall; that after a conference between Boland and the appellant, it was agreed that the former's house should be built nearer the west line of his lot to permit the location of a common driveway between the two houses and to afford each house more light and air; that Boland accordingly built his house several feet farther west and that he modified its plan by placing an outside door in the east instead of the west wall and by making the interior changes which entrance from the driveway on the east rather than the west necessitated.

The evidence of the appellant shows that Boland proposed a common driveway and suggested that deeds be executed to give effect to his plan; that the appellant objected to making deeds but entered into a verbal agreement with Boland for the location and improvement of the driveway; that, according to the appellant's understanding of the agreement, Boland was to build his house seven feet west of the east line of his lot; that, shortly after Boland began the erection of his house, the appellant informed him that he was building closer to their boundary than the agreement permitted and that Boland answered that the appellant in the future might wish to have his driveway on his own land and that he, Boland, was protecting himself by reserving sufficient space west of his house for the same purpose. The appellant testified that the use of the driveway by members of the appellee's family had created un-

satisfactory conditions, and evidence was introduced that the appellee's daughter at times left her automobile standing in the driveway. No deed or other instrument in writing creating or defining the driveway was ever executed.

The contention of the appellant is that Boland had a mere license, and not an easement, to use the portion of the driveway located upon the property of the appellant; that this license conferred no interest in the land, and that it was revocable at any time. The appellee, on the contrary, insists that the revocation of the license would operate as a fraud upon her, and that, in such a situation, a court of equity will restrain the exercise of the legal right to revoke. Other contentions are urged by the parties, but the determination of those stated will be decisive of the case.

An easement creates an interest in land, and must be founded on a deed or other writing, or on prescription, which presumes a grant. (*Woodward* v. *Seely,* 11 Ill. 157; *Morse* v. *Lorenz,* 262 id. 115; *Girard* v. *Lehigh Stone Co.* 280 id. 479; *Weber* v. *Aluminum Ore Co.* 304 id. 273; *Baird* v. *Westberg,* 341 id. 616). A license in respect of real property, on the other hand, is a permission or authority to do a particular act or series of acts upon the land of another without possessing any estate or interest in such land. (*Kamphouse* v. *Gaffner,* 73 Ill. 453; *City of Berwyn* v. *Berglund,* 255 id. 498). Unless the evidence be clearly to the contrary, a court will presume that a parol agreement to impress real property with a servitude was made with a knowledge of the provisions of the Statute of Frauds, and was therefore intended as a license only, and not as an easement. A parol license is revocable although a consideration has been paid or expenditures have been made upon the faith of the agreement. (*St. Louis Nat. Stock Yards* v. *Wiggins Ferry Co.* 112 Ill. 384; *Girard* v. *Lehigh Stone Co. supra; Baird* v. *Westberg, supra*). Courts of equity, however, will restrain the exercise of a legal right to revoke a license when the conduct of the licensor has been

such that the assertion of the legal title would operate as a fraud upon the licensee. ·*Hunt* v. *Sain,* 181 Ill. 372; *Girard* v. *Lehigh Stone Co. supra; Baird* v. *Westberg, supra.*

In the present case there is neither allegation nor proof that the appellant ever agreed that the common driveway should be permanent or continue to exist for a fixed period. While it appears that he gained some knowledge of the modifications of the plan for Boland's house after the driveway had been located, yet there is no evidence that he induced the making of those changes. Boland, and not the appellant, sought the common driveway. No deed or other written instrument was executed and no easement was created. Each had a parol license to use the land of the other within the driveway for a particular purpose, and each license was revocable at the will of the licensor.

The abandonment of the common driveway will not deprive the appellee of access to her garage nor prevent the delivery of coal to her basement. She has sufficient ground west of her house for a driveway and the alley along the rear of her lot leads to Silas street which is only 55 feet from the northeast corner of her property. Although the substitution of a driveway west of the house for the common driveway may involve the appellee in some expense and cause her inconvenience, yet it cannot be said that fraudulent action on the part of the appellant necessitates the change. The facts and circumstances shown by the evidence do not justify the interposition of a court of equity to restrain the revocation by the appellant of the parol license given to the testator of the appellee.

The decree of the circuit court is reversed and the cause is remanded to that court with directions to dismiss the bill for the want of equity.

*Reversed and remanded, with directions.*