Lenora Kellum, Appellee, v. Village of Greenup, Appellant.

Gen. No. 8,579.

Heard in this court at the October term, 1931. Opinion filed February 1, 1932.

ALBERT E. ISLEY, for appellant.

August Caylor and Craig & Craig, for appellee.

Mr. Justice Eldredge delivered the opinion of the court.

Lenora Kellum, appellee, is the owner in fee of a certain tract of land consisting of a number of acres (the exact number nowhere appears in the record) which lies within the corporate limits of the Village of Greenup, Cumberland county. She purchased the lands in 1909. The premises consist of arable and pasture lands on which is located the dwelling house of appellee together with outbuildings appurtenant thereto and are used by appellee for the purpose of pasturing cattle and domestic animals. She is engaged in supplying milk and milk products to the people residing in the village. A natural open stream or watercourse flows across the premises from west to east. The village owns a tile drain which accommodates a large number of homes, a shoe factory, a large school and about 65 business houses. This tile sewer so owned and controlled by the village empties into the natural watercourse on appellee's premises on the west side thereof and is carried across the same emerging on the east side thereof. Appellee filed her bill to enjoin the village from discharging any more sewage into the open watercourse on her premises. The proofs were heard before the chancellor who entered a decree in conformity with the prayer of the bill. The proofs showed that the stream on appellee's premises became so polluted with filth that the cattle pasturing thereon became so dirty in wading across the same that they had to be cleaned before they could be milked. Deposits of sewage and sludge beds were formed on the premises and emitted at times a very offensive odor. Numerous complaints were made to the village from time to time by appellee in regard to the matter. She made complaints to the State Board of Health who sent one of their engineers to investigate

the condition of the stream and his testimony is to the effect that said stream is polluted by the sewage deposited therein by the village. The village at one time erected fences along the banks of the stream to prevent the cattle from getting into it and these fences inclosed about twelve acres of appellee's land. The answer of the village sets up two defenses. The first is that prior to the time that appellee acquired the premises the village had purchased from the former owners easements granting it the privilege of carrying the sewage across the premises in the open stream. The evidence shows that the deeds conveying said easements were not recorded at the time appellee purchased the premises and that she had no knowledge thereof. Moreover, these easements granted only the privilege of laying a tile or tiles from the outlet of the sewerage system of the village over and across said land and did not grant the privilege of running the sewage into the open stream. The second defense is that the village made an oral agreement with appellee to the effect that it would furnish her water free of charge in return for the privilege of emptying its sewage into the stream in question and carrying it across her premises. There is some evidence tending to support this agreement but appellee denied that she ever entered into any such understanding with the village. In any event, it would be but an oral agreement or license which did not run with the land and could be revoked at any time. *Boland v. Walters,* 346 Ill. 184. The evidence fully supports the findings of the chancellor and the decree of the circuit court is affirmed.

*Affirmed.*