Hyman S. Harrison, Plaintiff-Appellant, *v.* Thomas I. Rapach *et al.*, Defendants-Appellees.

(No. 70-5; ▮▮▮▮▮▮▮▮

Third District—May 12, 1971.

Herman C. Kitsos, of Chicago, for appellant.

Gaskins, Sutkowski & Mueller, of Peoria, (W. O. Penarvis, of counsel,) for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of Peoria County. Hyman S. Harrison, hereinafter referred to as the plaintiff, is a building contractor who entered into a contract with Thomas I. Rapach and Irene A. Rapach, hereinafter referred to in the singular as the defendant, wherein the plaintiff agreed to construct a home on land owned by the defendant for

the sum of $38,000.00. Some time after the construction of the home was commenced the parties fell into disagreement and the contract in substance was terminated. The facts of the dispute are not in the first instance important to a determination of this case. Suffice to say that the defendant stopped a payout order directed to his bank payable to the plaintiff, who after being notified of the stoppage discontinued work upon the construction of the home and removed his men from the premises. The plaintiff then filed an affidavit for attachment on October 1, 1969, and on October 3, 1969, the defendant filed a suit to enjoin the plaintiff from committing certain acts against the defendant and from assuming control of the real estate which was owned by the defendant and which was the construction site.

The lower court consolidated for hearing the attachment proceedings and the injunction suit and after a hearing ordered the writ of attachment quashed and further decreed in substance that the defendant be protected against interference by the plaintiff in his right to exclusive possession of the premises, and in his right to complete construction of the residential structure located thereon. The decree further ordered the defendant to pay certain sums to materialmen for material which was ordered and which was not covered by the terms of the contract and the defendant was ordered to save the plaintiff harmless from other claims without prejudice to either party in any future action and the decree authorized the plaintiff to remove his personal belongings and equipment from the building site.

The plaintiff contends that the lower court was without jurisdiction to try the issue of fact raised by the attachment affidavit without his consent before the attachment writ could properly be made returnable and in support of this contention cited *Hecht v. Feldman,* 54 Ill.App. 145. A reading of the record rejects this contention since it discloses that the plaintiff did in fact consent to the consolidation of the action; he offered to dismiss the attachment proceedings by agreement and chose not to present testimony to his traversed attachment affidavit. He not only failed to raise at the trial level the objection he now raises in this court, but in fact he consented to the proceedings in the trial court and proclaimed that he would stand on the affidavit which he had filed. From the context of the discussion between the court and counsel the conclusion is inescapable that the plaintiff had no intention of attempting to substantiate his affidavit in attachment. He further fails to explain how the court's order in any way prejudiced him. This court cannot assume prejudice, nor can plaintiff object to the order of the lower court predicated on his action in that court.

So far as we can ascertain from the record the plaintiff's main conten-

tion is dependent on a determination of whether the plaintiff or the defendant had possession of the real estate at the time the suit was commenced. It is the plaintiff's contention that he was in possession and that the defendant's remedy was an action in forcible entry and detainer and that the plaintiff was entitled to a trial by jury in such an action. He further contends that by reason of the construction contract he was in fact in possession of the real estate.

The contract itself makes no mention of possession. The defendant was the owner of the real estate having purchased it prior to entering into the contract to build the home.

In his complaint for injunction the defendant alleges ownership of the land subject to a mortgage and the plaintiff's answer admits such ownership. The complaint for injunction further alleges and the plaintiff in his answer admits that he, the plaintiff, changed the locks on the partially constructed building to bar the defendant from entering the same, that he served notice upon the defendant that he was a licensee with respect to the property and that such license had been revoked, that he placed a large sign on the premises stating all who entered except himself were to be considered as trespassers and would be prosecuted and that further he, the plaintiff appeared at the site with members of the police force and ordered the defendant from the premises.

■■ There is no doubt that plaintiff had the right to go upon the land to fulfill his obligation under the contract. However, he contends that by operation of law and by virtue of the terms of such contract that he had a possessory interest in the property. The contract does not purport to give him such an interest. In *Hawley v. Florsheim,* 44 Ill.App. 320, the court held that the general rule of law recognizes that the owner of the premises contracting for work to be done on the premises thereby gives a license to those performing the work to go upon the land. Such we believe was the case here. The plaintiff was no more than a licensee and as such was entitled to go upon the land in performance of the contract but was not vested with any interest in the premises. In *Boland v. Walters,* 346 Ill. 184, 178 N.E. 359, the Supreme Court said:

"A license in respect of real property * * * is a permission or authority to do a particular act or series of acts upon the land of another without possessing any estate or interest in such land."

In *Holliday v. Chicago Arc Light & Power Company,* 55 Ill.App. 463, the court held that a license conferred no interest in the land.

■■ The license that the plaintiff received to construct a building was obtained from the defendant and by virtue of the fact that when the plaintiff entered upon such real estate he acknowledged that possession of the real estate was vested in the defendant, for it is impossible for

the plaintiff to obtain such a license from any other source. Nothing in the record indicates other than the fact that defendant had continued possession of the real estate from the time that he purchased the same unto the date that the trial court entered the order from which this appeal stems. When the contract was terminated then by operation of law the plaintiff's license to go upon the land was also terminated.

The issues of fact were not clearly presented to the trial court, nor are they presented here with clarity. However, we feel that only one inference can arise from the record in this case and that is that the defendant had possession of the real estate in question and that the plaintiff had a mere license to come upon the same for the purpose of fulfilling the terms of a construction contract. The plaintiff had no other rights to possession. *Mueller v. Keller*, 18 Ill.2d 334, 164 N.E.2d 28.

■■ The defendant as owner of the land has a right to undisturbed occupation and enjoyment of his property. *Cuneo v. City of Chicago*, 379 Ill. 488, 41 N.E.2d 473.

■■ When the plaintiff withdrew his men from the job and stopped construction he no longer possessed a license to do anything on the premises with the possible exception of removing his equipment. His action in quitting the project may well have been justified. The court below did not, nor do we now, make any attempt to adjudge who if anyone breached the contract. The plaintiff's license was limited to construction of the home and he could not under that license take over the premises, nor is it even suggested in the record that he did so. Instead the record discloses that he attempted to keep the defendant off the premises and in fact did acts on the property which were not authorized by virtue of the license he received from the terms of the construction contract. Each of these acts committed by the plaintiff constituted an unauthorized entry upon the defendant's land. (*Kimball v. Custer*, 73 Ill. 389.) These acts as previously stated were admitted by the pleadings. The fact that they may have been committed under the mistaken impression that the plaintiff was in possession of the land is immaterial for such acts were nonetheless a trespass. (*Hamilton v. Hunt*, 14 Ill. 472.) The pleadings illustrate that the acts committed by the plaintiff were repeated and that his effort to keep the defendant from the land was not justified. His claim to possession was predicated in total on his right under a construction contract. This failing, he cannot now claim that the defendant was required to bring an action of forcible entry and detainer to gain possession of land which he already had.

The record establishes that the plaintiff prior to the hearing of this cause in the trial court filed a suit to foreclose a mechanics lien. The claims of the parties can be resolved in that proceedings.

The plaintiff has asked that the injunction order be reversed. The effect of such reversal would be to leave the defendant in possession of the land, but would perhaps further leave to possible future litigation the question of the defendant's right to complete the construction of the home. If we assume, as we must, that continued litigation would then further delay completion of the structure then the loss would fall both on the plaintiff and defendant.

The courts are not obliged to shut their eyes to the demands of justice because under the particular circumstances no general rules authorizing the issuance of an injunction writ may be found where there are none forbidding it. (*Cragg v. Levinson*, 238 Ill. 69, 87 N.E. 121.) The Supreme Court in that case then went on to state:

"The jurisdiction of courts of equity to issue writs to restrain the commission of trespasses is not confined to cases where the injury is irreparable because the defendant is insolvent or because the injury goes to the destruction of the estate or inheritance. We have seen from the cases above cited that a bill to enjoin repeated trespasses, which would require numerous and successive suits in an action at law if the plaintiff were remitted to that remedy, and where the amount recoverable would be disproportionate to the vexation and expense attending the litigation, may be maintained. In such cases it is said the remedy at law is inadequate. In section 496 of Pomeroy's Equitable Remedies, it is said: The jurisdiction of equity to restrain continuous or repeated trespasses rests on the ground of avoiding a repetition of similar actions. It is a basis of jurisdiction that is frequently found in cases where the injury is also irreparable. Very often, indeed, the injury is irreparable only because it is continuous or repeated when it would not be if temporary, and in such cases the injunction will issue as a matter of course. * * * If the plaintiff's legal remedy may be vexatious, harassing, and hence inadequate, when he recovers substantial damages, still more would it seem to be so when his recovery is only nominal * * *".

■■ For the reasons stated herein and for the further reason that the plaintiff has failed to show he will in any way be prejudiced by a continuation of the injunction, the order of the circuit court is hereby affirmed.

Order affirmed.

STOUDER and McNEAL, JJ., concur.