HILL BEHAN LUMBER COMPANY, Plaintiff, *v.* FIRST NATIONAL BANK OF WOODSTOCK *et al.*, Defendants.—(RAINBOW CONSTRUCTION, INC., *et al.*, Defendants and Counterplaintiffs-Appellees, *v.* ROBERT DEL PERCIO, Defendant-Appellant.)

Second District   No. 80-123

Opinion filed April 28, 1981.

Donald Hamilton, of Melrose Park, for appellant.

James P. Hecht, and William I. Caldwell, III, of Caldwell, Berner & Caldwell, both of Woodstock, and Kenneth Franson, of Bartlett, for appellees.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

The trial court entered judgment in favor of each of three lien claimants, Rainbow Construction, Inc., G & S Electric Company and Jensen's Plumbing & Heating, Inc., under section 1 of the Illinois Mechanics' Lien Act (Ill. Rev. Stat. 1979, ch. 82, par. 1) against the defendant landowners and impressed liens in favor of each claimant on lots 1 through 8 inclusive of Prairie View Apartments, Unit 1. Defendant Robert Del Percio, the beneficial owner of the land in question, appeals contending that the lien of each claimant should have extended only to lots 3 and 4 of Prairie View Apartments, Unit 1, and not have been impressed on the other six lots.

A review of the record discloses that Del Percio entered into a consent order with reference to the claim of Rainbow Construction, Inc., in which he agreed to the imposition of a lien against all eight lots. Del Percio does not deny that he entered into such a consent order but argues that since the trial court had indicated on December 20, 1979, that the lien of Rainbow Construction was going to be impressed against lots 1 through 8 and that the inclusion of the subject matter of the extent of the lien was *pro forma*, its inclusion in the consent order was not intended to be binding upon him. "Absent fraud, an order entered by consent of the parties is not appealable because it is not a judicial determination of the parties but a recital of their agreement, and no party may complain of an order to which he has consented. [Citations.]" (*Peters v. Hokins* (1976), 41 Ill. App. 3d 995, 997.) The appeal of Del Percio with reference to the appellee, Rainbow Construction, Inc., is dismissed.

The evidence disclosed that Robert Del Percio was the sole beneficial owner of the land in question which consisted of an eight-parcel subdivision zoned for 96 units. While it was the ultimate intention of Del Percio to construct 96 condominium units on the eight lots, work was commenced only on two buildings. One was on lot 3 and the other was on lot 4, and work was halted on both without either building being completed. There is no doubt, considering the evidence presented, that all work performed was limited to the two buildings on lots 3 and 4 and that no work was commenced on the other lots.

As a basis for impressing the lien on all eight lots, the trial court found "that there was a development here of adjacent and adjoining lots as a business—doing business of selling the property," and that such finding was sufficient under the terms of section 1 of the Mechanics' Lien Act to extend the lien over all eight lots. The trial court erred in making this finding and overlooked the clear requirement of section 1 that such a lien upon the whole of a lot or tract of land and upon the adjoining or adjacent lots or tracts of land of an owner is applied only when they constitute the same premises and are occupied or used in connection with such lot or tract of land as a place of residence or business. Here the undisputed evidence discloses that there are two incomplete apartment units on two separate lots, and each when completed would constitute a separate premises. The fact that a single owner is selling all of the lots in a subdivision and that he intends eventually to construct units on all of them is not, under the statute, the basis for an extension of a lien to all lots.

As an additional ground to support their claim that they are entitled to a lien on all eight lots, G & S Electric Company and Jensen's Plumbing & Heating, Inc., contend that the evidence disclosed that their respective contracts with Del Percio were each under a single contract extending to all eight lots for a single price.

Archie Sellers, president of G & S Electric Company, testified by way of affidavit that his company agreed to provide electrical material and labor for a 12-unit apartment complex and to provide electrical service for all of the real property legally described as lots 1 through 8 inclusive of Prairie View Apartments, Unit 1, for the price of $21,000. In support of its position Jensen's Plumbing & Heating submitted the affidavit of Vernon L. Jensen, president of that company. In that affidavit Jensen stated that on February 25, 1977, he and Robert Del Percio executed a contract wherein Jensen agreed to obtain building permits and to provide labor and material for the installation of plumbing fixtures and equipment in two apartment buildings to be constructed on lots 1 through 8 as shown in the plat of Prairie View Apartments, Unit 1, and stated that Del Percio had not paid his company for the work and materials pro-

vided. No counteraffidavits were filed by the defendant contesting the assertions of either the president of G & S Electric Company or of the president of Jensen's Plumbing & Heating.

The Illinois Mechanics' Lien Act does grant a contractor a "blanket lien" where work is performed on multiple structures under a single contract and payment has not been forthcoming (Ill. Rev. Stat. 1979, ch. 82, par. 1); *In re Phillips Construction Co. v. First National Bank* (N.D. Ill. 1977), 434 F. Supp. 26, *rev'd on other grounds* (7th Cir. 1978), 583 F.2d 290, *appeal dismissed, cert. denied sub nom. Village of Carpentersville v. Limperis* (1979), 439 U.S. 1060, 59 L. Ed. 2d 25, 99 S. Ct. 820.) However, as the court pointed out in *Phillips Construction Co.*, "[a]s against the owner, a single lien is created for the entire amount due against *all property worked on.*" (Emphasis added.) 434 F. Supp. 26, 28.

The evidence is clear in this case and undisputed that neither remaining claimant performed services and/or supplied materials on any part of the land in question other than the two buildings on lots 3 and 4. Therefore, even though they have a single contract extending to all the lots, their liens are limited to those two lots. The trial court erred in impressing the lien of Jensen's Plumbing & Heating, Inc., and of G & S Electric Company on lots 1, 2, 5, 6, 7 and 8 of Prairie View Apartments, Unit 1, and the lien of each is vacated as to such lots.

The judgment of the trial court imposing a lien in favor of Jensen's Plumbing & Heating, Inc., and in favor of G & S Electric Company on lots 3 and 4 of Prairie View Apartments, Unit 1, is affirmed.

Affirmed in part; reversed in part.

UNVERZAGT and NASH, JJ., concur.