ANTHONY L. PETERS, Plaintiff-Appellant, *v.* EUGENE F. HOKIN *et al.,* Defendants.—(EUGENE F. HOKIN, Defendant-Appellee.)

Third District   No. 75-471

Opinion filed September 24, 1976.

O'Hern, O'Hern & Wombacher, of Peoria (Randall W. Moon, of counsel), for appellant.

Kavanagh, Scully, Sudow, White & Frederic, and Westphal & Benchendorf, both of Peoria (Charles G. Roth, of counsel), for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

Plaintiff alleged a right to recover for losses occasioned by defendant's fraud in the operation of a partnership with plaintiff for the development of some real estate. A default was entered against defendant, Griminger, who is not a party to this appeal. The defendant, Hokin, however, joined issue, and in the second day of a bench trial before Judge Iben, the litigants reached an agreement. The agreement provided that Hokin would pay plaintiff on or before July 7, 1975, the cash sum of $15,000 with further cash payments of $1,250 each on July 31, 1975, and on August 29, 1975. When this settlement was proposed to the judge as grounds for disposition, he indicated that the parties should reach some further agreement as to what should happen if the payments promised were not made as proposed, since having already heard part of the case, he would not wish to commence a new trial at some later date in the event of a default. At this time, the parties presented to the court a written form of proposed settlement order bearing the executed approval of both parties and their respective counsel. It recited that the cause would be dismissed on motion when the payments were made, but "If payments are not so made by defendant Eugene Hokin, judgment to be entered in the amount

of \$17,500 under plaintiff's complaint for fraud." This consent order was entered July 1, 1975. On July 30, plaintiff filed a motion to set aside the settlement order of July 1 because of, inter alia, defendant's failure to pay. The motion was denied by Judge Yontz on August 2. On September 9, plaintiff filed a motion to enforce the order of July 1, requesting a judgment order against defendant for \$17,500 damages for fraud. That motion was allowed on September 23, and on October 23, plaintiff commenced this appeal. He asks an order vacating the award of damages in the amount of \$17,500 and for a new trial on all issues, or alternatively, on the issue of damages only.

■■ Absent fraud, an order entered by consent of the parties is not appealable because it is not a judicial determination of the parties but a recital of their agreement, and no party may complain of an order to which he has consented. (*Jackson v. Ferolo*, 4 Ill. App. 3d 1011, 283 N.E.2d 247 (1st Dist. 1972).) While plaintiff contends that the settlement order here was induced by a fraudulent representation of defendant that he would have a certified check for \$15,000 by July 7, the terms of the settlement order itself, which expressly provides for the contingency that such payment might not be made, belies the efficacy of this contention. Neither does this record support the claim that the court-compelled plaintiff and plaintiff's counsel to execute approval of the order providing that judgment would be entered on this motion against defendant in the event of defendant's default. No claim is made that plaintiff and his counsel were under legal disability, and it is evident from the record that they fully understood the purpose of this provision. It relieved them of the expense of proceeding with a trial and provided protection for them against the possibility of defendant's failure to pay as scheduled, and by including a finding as to fraud, provided protection against a subsequent order of defendant's bankruptcy. No mutual mistake of fact or law is exhibited in this record, and the circuit court properly denied plaintiff's motion to vacate. (*Stanley A. Nelson & Co. v. Modular Interiors*, 13 Ill. App. 3d 634, 301 N.E.2d 41 (1st Dist. 1973).) And having requested enforcement of the settlement order by motion for judgment against defendant, plaintiff cannot complain here that error was made by the court in granting the judgment he requested. *Meyer v. Polivat*, 13 Ill. App. 2d 491, 142 N.E.2d 747 (4th Dist. 1957); *Harrison v. Rapach*, 132 Ill. App. 2d 915, 271 N.E.2d 399 (3rd Dist. 1971).

No error being shown, the judgment of the circuit court is affirmed.

Affirmed.

STENGEL, P. J., and STOUDER, J., concur.