BRUCE THOMPSON, Plaintiff-Appellant, v. IFA, INC., *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—88—1754

Opinion filed March 28, 1989.

Michael W. Pinsof, of Martin Cohn & Associates, Ltd., of Chicago, for appellant.

Steven B. Varick, of McBride, Baker & Coles, of Chicago, for appellees.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff appeals from the circuit court's denial of his petition to vacate an order of dismissal and from the denial of his motion for reconsideration. The issue raised is whether the circuit court abused its discretion in denying his petition to vacate an agreed order of dismissal because it was an agreement of the parties and not a "judicial determination."

Plaintiff became the owner of one-third of the issued and outstanding stock of defendant IFA, Inc. (IFA), on December 31, 1981. Codefendants Raymond Harding and Paul Sheedy owned the remaining two-thirds of the shares in equal amounts. On March 6, 1984, plaintiff, Harding, and Sheedy entered into a written shareholder's agreement providing, *inter alia,* that any shareholder who resigned or was terminated was obliged to sell his shares back to the company

for a price established by an agreed-to formula; further, the company was obligated to purchase those shares for the determined price. Upon full payment of the purchase price, the shares were to be delivered to the corporation.

On March 21, 1984, IFA terminated plaintiff's employment, pursuant to a resolution of Harding and Sheedy. Soon thereafter IFA undertook to repurchase his shares. Plaintiff refused to assign and deliver his stock certificates, however, and IFA, pursuant to the shareholder's agreement, cancelled plaintiff's shares.

Plaintiff, on May 6, 1985, commenced an action to compel production of IFA's books and records and for damages. On September 30, 1985, the circuit court dismissed the case with prejudice, entering an "Agreed Order of Dismissal" which expressly made references to a settlement agreement entered into by the parties which provided, in part, that IFA terminated plaintiff's employment and acquired his shares pursuant to the shareholder's agreement and, in consideration for the dismissal of the lawsuit and release of all defendants, plaintiff would receive $90,000.

According to plaintiff, several months after the agreed order was entered, he discovered that IFA had been acquired by another company and that, unknown to him, Harding and Sheedy were negotiating with the Bank of Scotland to sell IFA prior to the execution of the settlement agreement. On July 16, 1987, plaintiff filed a petition under section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401) to vacate the agreed order of dismissal entered September 30, 1985. The petition, supported by an affidavit, alleged that Sheedy and Harding concealed from and failed to disclose to plaintiff the negotiations for the sale of IFA, with the intent to deceive and defraud him. Plaintiff also claimed he never would have entered into the settlement agreement if he had known about the negotiations. The affidavit was sworn to by one Lawrence Kancius, who averred: he was formerly vice-president of IFA; in that capacity, he arranged negotiations between representatives of IFA and the Bank of Scotland; prior to the settlement agreement with plaintiff, a deal had been reached whereunder 75% of the stock of IFA would be sold to the Bank of Scotland; he was sworn to secrecy and requested by Sheedy not to disclose the pendency of the sale to plaintiff under any circumstances; and the transaction with the Bank of Scotland was delayed until plaintiff's lawsuit against IFA was officially dismissed.

In response, IFA moved to strike the petition for failure to state a claim upon which relief could be granted and, alternatively, that it was not legally sufficient.

At the hearing, the circuit court addressed neither the legal sufficiency nor the merits of the petition or affidavit. Purportedly following *Stanley A. Nelson & Co. v. Modular Interiors* (1973), 13 Ill. App. 3d 634, 301 N.E.2d 40, the court held that the agreed order was an agreement of the parties, and not a judicial determination; therefore, the court concluded, it had no basis for reviewing or vacating the order. The court then entered an order that denied plaintiff's petition and, subsequently, his motion for reconsideration. He appeals.

■ Decisions involving petitions to vacate under section 2—1401 (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401) will not be disturbed on review absent abuse of sound legal discretion by the circuit court. (*Lubowsky v. Skokie Valley Community Hospital* (1979), 79 Ill. App. 3d 909, 916, 398 N.E.2d 1037; *City of Des Plaines v. Scientific Machinery Movers, Inc.* (1972), 9 Ill. App. 3d 438, 443-44, 292 N.E.2d 154.) Here, plaintiff contends that the circuit court abused its discretion by declining to consider the merits of his section 2—1401 petition to vacate.

The order sought to be vacated was entitled "Agreed Order of Dismissal"; was signed by the attorneys representing all involved parties; states that the parties had entered into a settlement agreement; and dismisses the case with prejudice. The order thereby fits the description of a consent order. See *City of Des Plaines,* 9 Ill. App. 3d at 442-43.

■ A consent order is generally regarded as one entered by the court that recites a settlement agreement reached as an independent undertaking by the parties, which may supersede pleadings and evidence and limit the relief to be granted. (*Lubowsky,* 79 Ill. App. 3d at 913.) As a general rule, a consent order is an agreement of the parties which cannot be vacated on motion by one of them. (*Lubowsky,* 79 Ill. App. 3d at 912; *Peters v. Hokin* (1976), 41 Ill. App. 3d 995, 997, 355 N.E.2d 205; *Filosa v. Pecora* (1974), 18 Ill. App. 3d 123, 127, 309 N.E.2d 356.) Because it is not a judicial determination of the rights of the parties and does not purport to represent the judgment of a court, a consent order ordinarily cannot be reviewed. *In re Haber* (1981), 99 Ill. App. 3d 306, 309, 425 N.E.2d 1077; *Lubowsky,* 79 Ill. App. 3d at 913.

■ Certain exceptions to the general rule are recognized, however. A court will vacate a consent decree on the motion of only one party upon a showing of fraudulent misrepresentation or coercion in the making of the agreement, the incompetence of one of the parties, gross disparity in the position or capacity of the parties, errors of law apparent on the face of the record, or newly discovered evidence. (*In*

*re Haber,* 99 Ill. App. 3d at 309; *Lubowsky,* 79 Ill. App. 3d at 913-15; *Peters,* 41 Ill. App. 3d at 997; *Filosa,* 18 Ill. App. 3d at 127; *City of Des Plaines,* 9 Ill. App. 3d at 443.) Relief can be granted with respect to consent orders under section 2—1401 and " 'must be judged by the broad equitable considerations which govern all Section 72 [now 2—1401] petitions.' " *Lubowsky,* 79 Ill. App. 3d at 914, quoting *City of Des Plaines,* 9 Ill. App. 3d at 443.

In the instant case, plaintiff claims newly discovered evidence revealed fraudulent misrepresentation surrounding the settlement agreement. He alleges that Harding and Sheedy fraudulently concealed the negotiations regarding the imminent sale of IFA, and states that he would not have settled if he had known of those negotiations. He concludes that the circuit court, before ruling, should have at least considered the showing of fraud in his petition.

■ It is apparent from the transcript of the instant proceedings that the circuit court considered the general rule barring vacatur of consent judgments as absolute, allowing no exceptions. As the following examples demonstrate, the court refused to hear any argument concerning the "fraud exception" to the general rule prohibiting vacatur:

> "THE COURT: I have always stated whenever there is a settlement agreement between the parties, that is not a judicial determination, and not being a judicial determination there is nothing for the court to determine. *** That ends it, as far as this court is concerned. *** There is nothing left.
>
> * * *
>
> [PLAINTIFF'S COUNSEL]: *** Here we're alleging facts, material facts of which the plaintiff had no knowledge and could not have obtained knowledge that were affirmatively concealed by the defendant in connection to induce him to execute the settlement agreement.
>
> * * *
>
> THE COURT: I won't vacate it, I'll tell you that right now. I'm not going to vacate it. *** [A] settlement agreement is not a judicial determination, nothing. The court hasn't decided anything. People decide to settle the case, they settle it. *Once it's settled, as far as I am concerned, that ends it.* We haven't made any judicial determination. There is nothing for us to vacate.
>
> [PLAINTIFF'S COUNSEL]: *** If what the court is saying is true, then one could never vacate an order of dismissal as a result of a settlement of a case. *** It would in effect divest

the court of jurisdiction ever to vacate an order of dismissal where the underlying claims are settled.

THE COURT: *** There is no way that this court will vacate that order. And I'll stand by that." (Emphasis added.)

As a result, the circuit court abused its discretion by declining to consider the allegations of fraud as a possible ground to vacate the consent order.

The circuit court's comments at the hearing indicate that its reliance on one particular case may have led to its misapplication of the law. The court expressly relied on *Stanley A. Nelson & Co. v. Modular Interiors* (1973), 13 Ill. App. 3d 634, 301 N.E.2d 40, an abstract opinion, for the proposition that it had no authority to vacate a settlement agreement on motion by one party; however, the *Nelson* judgment was not subject to vacation on the ground that it was a product of fraud, but was the result of mutual mistakes of law and fact induced by the appellee. Here, plaintiff has raised the issue of fraudulent misrepresentation in the procuring of the settlement order. The circuit court should have considered plaintiff's allegations of fraud; refusal to do so was error.

■ IFA contends that even if the circuit court erroneously failed to consider the fraudulent concealment "exception," petitioner's conclusory assertions of fraud were insufficient to support a section 2—1401 petition to vacate the agreed order. IFA suggests that this court may consider the legal sufficiency of the section 2—1401 petition even though not considered or ruled on below. An appellee may urge any point in support of judgment on appeal even though not directly ruled on by the circuit court, as long as the factual basis for the point was before the circuit court. *Shaw v. Lorenz* (1969), 42 Ill. 2d 246, 246 N.E.2d 285; *Mortell v. Insurance Co. of North America* (1988), 165 Ill. App. 3d 915, 921, 520 N.E.2d 847.

■ Initially, it should be noted that the circuit court precluded the parties from presenting argument on the issue of the petition's legal sufficiency. Further, the court did not make a ruling on the merits of defendant's motion to strike the petition, explicitly finding that it had no basis to review or vacate the agreed order. The function of a reviewing court on a section 2—1401 petition is to consider whether the circuit court abused its discretion. The first examination of the merits, considering the complete factual basis of the issues, was never undertaken by the circuit court. The case must be reversed and remanded to the circuit court for further proceedings.

■ We note, in passing, that a legally sufficient section 2—1401 petition must affirmatively set forth specific factual allegations sup-

porting each of the following elements: (1) a meritorious claim or defense; (2) due diligence in presenting the claim in the original action; and (3) due diligence in filing the section 2—1401 petition for relief. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 220-21, 499 N.E.2d 1381.) It is insufficient merely to assert that the basis for relief was fraudulent concealment; rather, petitioner must allege facts, supported by affidavit, demonstrating affirmative acts or representations by respondent designed to prevent discovery of the purported grounds for relief. See *Aroonsakul v. Flanagan* (1987), 155 Ill. App. 3d 223, 227, 507 N.E.2d 1.

■ The circuit court on remand should consider whether plaintiff alleged sufficient facts to support a claim of fraudulent concealment and the sufficiency of plaintiff's attached affidavit. The court also should consider whether the shareholder's agreement reasonably may be interpreted in more than one way under the circumstances. Since the procedural posture of this case in the circuit court was a motion to strike or dismiss, all well-pleaded facts in the section 2—1401 petition are deemed admitted. (*Manning v. Meier* (1983), 114 Ill. App. 3d 835, 839, 449 N.E.2d 560.) A petition should not be dismissed unless it clearly appears that no set of facts could be proved under the pleadings, or amended pleadings, which would entitle petitioner to relief. (*Uptown Federal Savings & Loan Association v. Kotsiopoulos* (1982), 105 Ill. App. 3d 444, 449, 434 N.E.2d 476.) Dismissal is improper if plaintiff's well-pleaded facts sufficiently allege fraudulent concealment.

■ Under Illinois law, when stock purchases are made by the corporation itself (as is the case here), corporate insiders such as Sheedy and Harding have a duty to disclose facts that would render the bargain with the minority shareholder unconscionable. (*Guy v. Duff & Phelps, Inc.* (N.D. Ill. 1987), 672 F. Supp. 1086, 1090-91; see also *Melish v. Vogel* (1975), 35 Ill. App. 3d 125, 135, 343 N.E.2d 17 (a purchase by a director or shareholder of a corporation of the stock of another shareholder of that corporation may be set aside if the purchaser fraudulently misleads the other party by withholding material information).) Plaintiff in the present case alleges that he remained a shareholder; if so, this fact raises a possible duty to disclose.

■ IFA contends that any misrepresentation was immaterial; however, the materiality of a misrepresentation for purposes of fraud is a question of fact (*Obermaier v. Obermaier* (1984), 128 Ill. App. 3d 602, 607, 470 N.E.2d 1047), which must be determined by a trier of fact (*Ostendorf v. International Harvester Co.* (1982), 89 Ill. 2d 273, 286, 433 N.E.2d 253).

Questions of plaintiff's lack of due diligence in bringing the section 2—1401 petition also should be considered by the circuit court on remand.

Reversed and remanded for further proceedings consistent with this opinion.

EGAN, P.J., and BILANDIC, J., concur.