No. 3-96-0187

     _________________________________________________________________

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              THIRD DISTRICT

CITY OF MARSEILLES, an Illinois    )    Appeal from the Circuit  

Municipal Corporation,             )    Court of the 14th         

                                   )    Judicial Circuit, LaSalle

           Plaintiff-Appellee,     )    County, Illinois

                                   )

          v.                       )    Nos. 95-ED-2

                                   )         

                                   )

ROSS BLAKE RADKE,                  )    Honorable                

                                   )    Cynthia Raccuglia, 

          Defendant-Appellant.     )    Judges, Presiding

_________________________________________________________________

JUSTICE HOLDRIDGE delivered the Opinion of the Court:

                                                                 

     Defendant, Ross Radke (Radke), appeals from an order of the

circuit court of LaSalle County denying his motion to vacate a

consent decree judgment entered in an eminent domain action in

which the City of Marseilles (City) sought to acquire a railroad

easement from Radke.  For the reasons stated below, we reverse the

order of the circuit court and remand for an evidentiary hearing. 

  FACTS

     The City adopted ordinances creating a real property tax

increment financing district (TIF district) and an attendant

redevelopment plan and project pursuant to the Tax Increment

Allocation Redevelopment Act (the Act).  65 ILCS 5/11--74.4--1 et

seq. (Michie 1994).  Pursuant to the authority granted to it under

the Act (65 ILCS 5/11--74.4--4), the City brought condemnation

proceedings against Radke, seeking to acquire a single railroad

easement across his property.  The rail easement would be used by

the Independent Tube Corporation to provide rail access to a

factory it would build within the TIF district.  

     Radke filed a motion to traverse and dismiss, alleging several

grounds, including: (1) the City had failed to pass a proper

authorizing ordinance; (2) the property sought to be condemned was

not blighted within the meaning of the Act; (3) the condemnation

was not for a valid public use; and (4) the City had failed to make

a good faith offer for the purchase of the property.  

     Prior to the hearing on the traverse action, negotiations were

held which resulted in an agreement between the parties.  A

"Consent Judgment" was entered that required Radke to convey the

subject easement as well as another railroad easement.  The City 

was ordered to pay Radke $30,000 for both easements, and to make

good faith efforts to obtain for Radke better access to his

property.  

     The consent judgment noted, inter alia, that: (1) Radke's

property was "located wholly within the boundaries of the

redevelopment project area" created by ordinance; (2) the court had

jurisdiction of the parties and the subject matter; and (3) the

parties had reached a settlement of all issues and ratified their

agreement by presenting it to the court for entry as a consent

judgment.

     Within 30 days of entry of the consent judgment, Radke filed

a motion to vacate the judgment.  He maintained that after the

consent judgment was entered, he discovered that the easement the

City had sought through condemnation was not within the legal

description of the project redevelopment area contained in the

ordinance and notices published pursuant to the Act.  The motion to

vacate alleged that the City had no authority to acquire the

easement by condemnation, and thus the trial court lacked subject

matter jurisdiction to enter the consent judgment.  

     Radke subsequently amended his motion to vacate adding as

additional grounds to vacate allegations that the consent order

violated public policy and that it was entered into by the parties

as the result of a mutual mistake of fact.  

     At the hearing on Radke's motion to vacate, the attorney for

each party indicated to the trial court that they had brought

expert witnesses to court to testify as to whether the condemned

easement was or was not within the TIF district.  Radke's attorney

indicated to the court that his expert would testify that the

condemned easement was not within the territory encompassed by the

legal description given in the public notice required by the Act. 

The attorney for the City indicated to the court that its expert

would testify that the subject easement was within the TIF district

"when you look at both the legal description, the metes and bounds

description, and the accompanying map, which [was] an exhibit to

the same ordinance."  The trial court took no testimony from either

expert on whether the subject easement was within the TIF district,

nor did either party make an offer of proof for the record on

appeal.

     Radke argued to the trial court that, because the subject

easement was outside the legal boundaries of the TIF district, a 

statutory prerequisite necessary for the trial court to exercise

subject-matter jurisdiction was not present.  Thus, the consent

judgment was void and should be vacated.  The City argued that: (1)

the subject easement was within the boundaries of the TIF district,

thus any statutory jurisdictional requirements were satisfied; (2)

the trial court had subject-matter jurisdiction over the matter by

virtue of the jurisdiction conferred upon it by the Illinois

constitution to hear eminent domain matter; and/or (3) the consent

judgment, being a private agreement of the parties, could not be

subject to an attack based upon subject-matter jurisdiction. 

     The trial court denied all relief requested by Radke, who now

appeals. 

ANALYSIS

     As a preliminary matter, the City maintains that the consent

judgment entered in this matter is not subject to appellate review

and this appeal should therefore be dismissed for lack of appellate

court jurisdiction.  

     A consent decree is based upon the agreement of the parties,

and may supersede both the pleadings and the evidence.  Filosa v.

Pecora, 18 Ill. App. 3d 123 (1974).  A consent decree is conclusive

upon the parties and cannot be amended or vacated without the

consent of both parties.  People ex rel. Stead v. Spring Lake

Drainage and Levee District, 253 Ill. 479 (1912); Thompson v. IFA,

Inc., 181 Ill. App. 3d 293 (1989).  Ordinarily, a consent decree

may not be appealed because it constitutes no more than the court's

recording of a settlement agreement reached by the parties and is

not a judicial determination of their rights.  People ex rel.

Fahner v. Colorado City Lot Owners & Taxpayers Association, 106

Ill. 2d 1, 8 (1985); Sementa v. Tylman, 230 Ill. App. 3d 701

(1992).     

     Certain exceptions to the general rule are recognized,

however.   A court will vacate a consent decree on the motion of

only one party upon a showing of fraudulent misrepresentation or

coercion in the making of the agreement, the incompetence of one of

the parties, gross disparity in the position or capacity of the

parties, errors of law apparent on the face of the record, or newly

discovered evidence.  Thompson, 181 Ill. App. 3d at 296-97; In re

Haber, 99 Ill. App. 3d 306, 309; Lubowsky v. Skokie Valley

Community Hospital, 79 Ill. App. 3d 909,  913-15; Filosa, 18 Ill.

App. 3d at 127; City of Des Plaines v. Scientific Machinery Movers,

Inc., 9 Ill. App. 3d 438, 443. 

     In this matter, Radke maintains on appeal that the trial court

lacked subject-matter jurisdiction necessary to enter the consent

judgment.  The question before us, which appears to be one of first

impression, is whether lack of subject-matter jurisdiction is a

sufficient basis upon which to appeal a consent judgment.  We

believe that it is, and we reverse and remand on that basis.  

     The consent judgment specifically stated that the court had

subject-matter jurisdiction.  This provision can only be viewed as

an attempt by the parties to confer subject-matter jurisdiction

upon the trial court.  It is well-settled that where a court lacks

subject-matter jurisdiction, it cannot be conferred by stipulation,

consent or waiver (Hill v. Daley, 28 Ill. App. 3d 202 (1975)); and

where subject-matter jurisdiction is absent, the court should

decline to proceed further in the cause.  Toman v. Park Castles

Apartment Building Corp., 375 Ill. 293 (1941).  

     Lack of subject-matter jurisdiction can be raised at any time,

even on appeal.  Hill, 28 Ill. App. 3d at 204; Toman, 375 Ill. at

302.  We therefore find that we have jurisdiction to review the

trial court's determination that it had subject-matter jurisdiction

necessary to enter the consent judgment.

     Turning to the merits of the appeal, Radke first maintains

that the trial court erred in not vacating the consent judgment

based upon its lack of subject matter jurisdiction.  We review a

trial court's decision that it has subject-matter jurisdiction de

novo.  Griffin v. Universal Casualty Co., 274 Ill. App. 3d 1056

(1995).  

     The basis of Radke argument to the trial court in support of

his motion to vacate the consent judgment was that the easement

sought in the City's condemnation complaint was not within the

legal description of the TIF district contained in the notice

published by the City prior to adoption of the ordinance

establishing the TIF district.  The notice, which is a prerequisite

to the ordinance, is required to include "[t]he boundaries

redevelopment project area by legal description and by street

location where possible."  65 ILCS 5/11-74.4-6(b)(2)(Michie 1994). 

Radke notes that the statute does not provide for a map of the

proposed TIF district, as satisfying the notice requirement.  

     Radke alleged that the easement sought in the City's

condemnation complaint was not within the boundaries of the legal

description and therefore the City lacked the statutory authority

to bring the condemnation action before the trial court.  No

evidence was presented to the trial court to support this

allegation, although the record indicates that Radke was prepared

to present such evidence to the trial court.  The trial court,

however, did not permit the evidence to be presented.  

     The City argued, and the trial court apparently agreed, that

such evidence was not necessary in order for the trial court to

determine whether it had subject-matter jurisdiction.  The City 

maintains that the trial court's jurisdiction emanates exclusively

from Article VI, Section 9 of the Illinois Constitution of 1970,

which provides that "(c)ircuit courts shall have original

jurisdiction over all justiciable matters except where the Supreme

Court has original and exclusive jurisdiction."  

     According to the City, the test for subject-matter

jurisdiction is simply whether the court has the power to enter

into the inquiry before it.  The City maintains that the trial

court had the authority to adjudicate an eminent domain action over

property located within LaSalle County, and that alone is

sufficient to confer subject-matter jurisdiction.  We disagree.

     The City's argument has been considered and rejected by other

courts.  See, People ex rel. Brzica v. Lake Barrington, 268 Ill.

App. 3d 429 (1994)(and cases cited therein).  It is well-settled

that, even though circuit courts derive their plenary power to

adjudicate "justiciable matters" solely from the Article VI of the

constitution, and the legislature has no power to limit a court's

constitutional jurisdiction to hear a matter, the legislature may

define the "justiciable matters" when it creates a statutory right

having no counterpart in common law or equity.  Brzica, 268 Ill.

App. 3d at 422.  In such cases, certain statutory prerequisites

must exist before a court can exercise its power to hear the case

and grant the relief requested.  People ex rel. Illinois Department

of Human Rights v. Arlington Park Race Track Corp., 122 Ill. App.

3d 517, 521 (1984); Skilling v. Skilling, 104 Ill. App. 3d 213, 219

(1982).  

     One court has explained that, "when a court is acting pursuant

to present-day statutory subject-matter jurisdiction," it does so

because the legislature may impose by statute certain conditions

precedent to the exercise of jurisdiction by that court and these

conditions precedent cannot be waived."  Brzica, 268 Ill. App. 3d

at 423 (quoting In re Estate of Mears, 110 Ill. App. 3d 1133, 1137-

38 (1982).    

     The right of eminent domain by a municipality did not exist at

common law; a municipality can only exercise the power of eminent

domain when it has been specifically conferred by legislative

enactment.  City of Oakbrook Terrace v. LaSalle National Bank, 186

Ill. App. 3d 343, 348 (1989).  A statutory grant of eminent domain

power can only be exercised in the manner authorized by statute. 

Village of Skokie v. Gianoulis, 260 Ill. App. 3d 287, 295 (1994). 

     Under the TIF Act, the City can only bring an eminent domain

action against property located within the TIF district.  65 ILCS

5/11--74.4-4(c).  Therefore, the location of the condemned easement 

within the TIF district was a statutory prerequisite to the trial

court's exercise of subject-matter jurisdiction.   If the condemned

easement was outside the TIF district, the trial court had no

jurisdiction to enter any order, even a consent judgment, and it

should have dismissed the complaint.  As subject-matter

jurisdiction can be raised at any time in the proceeding, the trial

court should have conducted an evidentiary hearing on this issue,

even in response to Radke's motion to vacate the consent judgment. 

     The City maintains that the trial court determined that the

condemned easement was within the TIF district, and that

determination is entitled to some deference by this court.  We have

reviewed the record and can find no evidence upon which the trial

court could have reached that conclusion.  It appears the trial

court may have assumed that the evidence would have shown that the

condemned easement was within the TIF district.  However, on

review, we cannot defer to that assumption.  

     Alternatively, the City invites this court to determine that

the condemned easement was within the boundaries of the TIF

district as those boundaries were described in a map published with

the notice of proposed ordinance establishing the TIF district.  We

cannot accept the City's invitation to make such a finding of fact. 

There is simply no evidence in the record to establish whether the

condemned easement was located within the TIF district.  We

therefore reverse the order of the trial court and remand this

matter for an evidentiary hearing for the parties to present

evidence and the trial court to make a determination, based upon

the evidence presented, as to whether the condemned easement was

within the boundaries of the TIF district.  Such a hearing is

necessary in order for the trial court to properly determine

whether it has subject-matter jurisdiction necessary to enter any

order.

     Radke also asks this court to find that the consent judgment

is void as against public policy, or as having been entered based

upon a mutual mistake of fact.  Neither of these arguments provides

a basis for appellate review of consent decrees, and therefore we

will not consider these issues.  In re Haber, 99 Ill. App. 3d 306

(1981). 

     For the reasons discussed above, the judgment of the circuit

court of LaSalle County is reversed, and the cause remanded for an

evidentiary hearing.

     Reversed and remanded.  

     LYTTON, P.J., and BRESLIN, J., concurred.