No. 2--04--0782

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

MICHAEL A. HABER, ) Appeal from the Circuit Court

) of Du Page County.

Plaintiff-Appellant, )

)

v. ) No. 04--AR--1386

)

LISA REIFSTECK, ) Honorable

) Kenneth A. Abraham,

Defendant-Appellee. ) Judge, Presiding.

______________________________________________________________________________

PRESIDING JUSTICE O'MALLEY delivered the opinion of the court:

Plaintiff, Michael A. Haber, appeals from an order involuntarily dismissing his complaint with prejudice under section 2--619(a)(5) of the Code of Civil Procedure (the Code) (735 ILCS 5/2--619(a)(5) (West 2002)).  He argues that the trial court erred by determining that his complaint was untimely.  We affirm.

On April 15, 2004, plaintiff sued defendant, Lisa Reifsteck, seeking $15,629.73 for overdue attorney fees. 
 Both parties agree that the suit was filed more than a year after the end of the limitations period described in section 508(e)(2) of the Illinois Marriage and Dissolution of Marriage Act (the Act) (750 ILCS 5/508(e)(2) (West 2002)).  Defendant moved to dismiss the complaint as untimely pursuant to section 2--619(a)(5) of the Code (735 ILCS 5/2--619(a)(5) (West 2002)).  
The trial court granted defendant's motion to dismiss, and plaintiff timely appeals.  On appeal, plaintiff argues that the one-year limitations period in section 508(e)(2) of the Act does not apply.

Before moving to plaintiff's arguments on appeal, we note the familiar standards guiding our review.  The purpose of a section 2--619 motion to dismiss is to dispose of issues of law and easily proved issues of fact at the outset of the litigation.  
Van Meter v. Darien Park District
, 207 Ill. 2d 359, 377 (2003).  Specifically, section 2--619(a)(5) permits involuntary dismissal if "the action was not commenced within the time limited by law."  735 ILCS 5/2--619(a)(5) (West 2002)
.
  We review 
de novo
 a trial court's involuntary dismissal of a complaint
.  
Krilich v. American National Bank & Trust Co. of Chicago
, 334 Ill. App. 3d 563, 569 (2002).

Plaintiff argues that the trial court erred in its reading of section
 508(e) of the Act
, and repeatedly emphasizes throughout his brief that, in reaching its ruling, the trial court improperly relied on an unpublished order of this court 
(see 166 Ill. 2d R. 23; 
People v. Schambow
, 305 Ill. App. 3d 763, 766 (1999) (emphasis in original) ("Rule 23 orders have 
no
 precedential value and may be invoked only to support contentions such as double jeopardy, 
res judicata
, collateral estoppel, and law of the case"
)), in which we held that a suit filed by a domestic relations attorney to recover fees from a client, independent of section 508 of the Act, must be filed within one year to be timely.

Plaintiff argues that the trial court did not want to rule as it did but felt constrained (even while recognizing that it was not bound) by the unpublished Rule 23 order.  Plaintiff is correct that the trial court referred to an unpublished order in reaching its decision and that it stated that it was adopting the law as stated in the unpublished order.  The court made a point of noting that it wanted to "make it clear that [its] ruling is in recognition of [the unpublished order on which the court relied] being a Rule 23 [order]," and it acknowledged that the order is not precedential.  However, the trial court stated that it "[did] not like" the unpublished order and found it "shocking" that the order was not published, because it "clearly change[d] established law" by holding that
 
section 508 imposes a one-year limitations period for independent actions.
  
The trial court followed the reasoning of the order nonetheless, because it could find no reason "why *** a trial court [would] go contrary to the arguments that were made by a three-panel unanimous decision [of the Appellate Court]."

However,
 
regardless of the rationale behind the trial court's reaching its decision, because our review is 
de novo
, we review the propriety of the trial court's ultimate decision, and not the correctness of its reasoning.  
Pryweller v. Cohen
, 282 Ill. App. 3d 899, 907 (1996).
  
We therefore reject plaintiff's argument about the trial court's improper reliance on an unpublished order as a basis for reversal, and we move to consider the merits of the case.

We begin our analysis with the language of the Act.  
Section 508 of the Act provides for a final hearing on attorney fees and costs against an attorney's own client in a domestic relations case, pursuant to a petition for setting final fees and costs by either counsel or a client.  750 ILCS 5/508 (West 2002)
. 
 In 1996, the Illinois Supreme Court interpreted the 1992 version of the Act to allow attorneys to recover fees from their clients not only in an action based on the Act, but also in an action brought on an independent basis such as common-law breach of contract.  
Nottage v. Jeka
, 172 Ill. 2d 386 (1996).

The legislature thereafter enacted current section 508(e) with Public Act 89--712, effective June 1, 1997, 
codifying the decision in 
Nottage
. 
 
Section 508(e) explicitly
 permits counsel to pursue 
a proceeding against a client
 independent of the Act
. 
 750 ILCS 5/508(e) (West 2002).
 
 Section 508(e) of the Act also modifies the holding in 
Nottage
 by changing the limitations period for an independent action from 10 years to 1 year.  Compare 
Nottage
, 172 Ill. 2d at 391 (10-year limitations period), with 750 ILCS 5/508(e) (West 2002) (1-year limitations period)
.
  The current Act states:

"Counsel may pursue an award and judgment against a former client for legal fees and costs in an independent proceeding in the following circumstances:

***

(2)  After the close of the period during which a petition (or praecipe) may be filed under subdivision (c)(5), if no such petition (or praecipe) for the counsel remains pending, any counsel or former counsel may pursue such an award and judgment, 
provided the complaint in the independent proceeding is filed within one year after the close of the foregoing period
."  (Emphasis added.)  750 ILCS 5/508(e) (West 2002).

In questions of statutory interpretation, the fundamental canon of construction is to ascertain and give effect to the intention of the legislature as indicated by the plain language of the statute.  
Nottage
, 172 Ill. 2d at 392. 
 The above-quoted language allows only one reasonable interpretation: an attorney may pursue attorney fees in an independent proceeding "provided the complaint *** is filed within one year."

As noted, plaintiff emphasizes the trial court's reluctance to impose the one-year limitations period because it felt that the ruling, and the unpublished Rule 23 order, changed the law and conflicted with the supreme court's holding in 
Nottage
. 
 
However, as our brief discussion above demonstrates, the meaning of the Act is clear.
  The legislature's amendment of the Act may have changed the law, but our holding (and the holding in this court's previous unpublished order) merely recites the plain statutory language.

Plaintiff's argument that the holding in 
Nottage
 mandates that a 10-year limitations period be applied to independent actions for attorneys fees is unavailing.  See 
Nottage
, 172 Ill. 2d at 391, citing 735 ILCS 5/13--206 (West 1992) (10-year limitations period for contract actions).  
As
 
noted above, the legislature codified the holding in 
Nottage
 but modified it to include a one-year limitations period for any action for fees filed independent of the Act.  Plaintiff's 
reading of the law ignores the current plain language of the Act.

Plaintiff also urges that the limitations period in section 508(e)(2) should be read to be permissive, because the statute says that "any counsel *** 
may
 pursue such an award and judgment, provided the complaint *** is filed within one year" (emphasis added).  750 ILCS 5/508(e)(2) (West 2002).  See 
Nottage
, 172 Ill. 2d at 393 (the word "may" is generally construed as permissive).  However, the only reasonable reading of the quoted section is that a plaintiff has discretion as to whether to pursue an independent action, but, if the plaintiff chooses an independent action, it must be commenced within one year.

Plaintiff offers that the one-year restriction on "independent proceedings" contained in section 508(e)(2) applies only to causes of action brought under that section, which, he argues, does not contemplate common-law breach of contract claims.  Plaintiff apparently interprets section 508(e) as creating a new statutory cause of action for attorney fees separate from section 508(a) and separate from any common-law remedies.  Continuing plaintiff's argument, he states that when "an attorney seeks to utilize another statute or the common law to obtain fees, then section 508 *** does not apply."
  Plaintiff essentially argues that the "independent proceeding" contemplated in section 508(e) is any proceeding 
not
 independent of the Act.

We cannot accept plaintiff's tortured argument.  The Act's plain language allows a one-year limitations period for an "independent proceeding."  The only reasonable interpretation of that language is that it applies to proceedings outside the Act, such as breach of contract claims.  Further, if we were to accept plaintiff's confounding argument, we could not conceive of any remaining claims that would be cognizable under section 508(e), and that section's language would be rendered meaningless.  See 
Sylvester v. Industrial Comm'n
, 197 Ill. 2d 225, 232 (2001) (court must avoid "an interpretation which would render any portion of the statute meaningless").  
Therefore, we reject plaintiff's argument.  The "independent proceeding" referenced in section 508(e) is, of course, a proceeding independent of the Act, such as a breach of contract claim.

Plaintiff next argues that, under 
Kaufman, Litwin & Feinstein v. Edgar
, 301 Ill. App. 3d 826, 832 (1998), "section 508 is not mandatory.  A separate action for fees may be maintained."  Of course, as we have noted above, section 508(e) explicitly allows for such a separate action, provided that the action commences within the one-year limitations period.

Finally, plaintiff relies on the following section 508 language, which appears immediately after the above-quoted portion of section 508(e)(2):

"In an independent proceeding, the prior applicability of this Section shall in no way be deemed to have diminished any other right of any counsel (or former counsel) to pursue an award and judgment for legal fees and costs on the basis of remedies that may otherwise exist under applicable law."  750 ILCS 5/508(e) (West 2002).

Plaintiff argues that this language means that section 508(e)(2) cannot impose restrictions on an attorney who seeks fees on the basis of other applicable law, such as the common law of contracts.  
Plaintiff apparently urges that we consider the word "prior" to be a spatial, rather than temporal, term.  Aside from this being an unusual interpretation, we note that plaintiff's reading of the statute would nullify the plain language of section 508(e)(2).  See 
Sylvester
, 197 Ill. 2d at 232 (court must avoid "an interpretation which would render any portion of the statute meaningless").  Thus, we reject plaintiff's argument.

Based on the language of section 508(e)(2) of the Act
, we hold that, while that section permits a common-law contract action for fees in a domestic relations case, it additionally imposes a one-year limitations period for filing such a complaint.  Here, the parties do not dispute that the complaint was filed more than one year after the close of that period.  As a result, the trial court properly dismissed the complaint for untimeliness.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

BOWMAN and KAPALA, JJ., concur.