SIXTH DIVISION
June 6, 2008

No. 1-07-1468

| | | |
|---|---|---|
| SHELDON ENGEL, | ) | Appeal from |
| | ) | the Circuit Court |
| Plaintiff-Appellant, | ) | of Cook County |
| | ) | |
| v. | ) | 06 M1 106381 |
| | ) | |
| MARSHA LOYFMAN, | ) | Honorable |
| | ) | Joyce Marie Murphy Gorman, |
| Defendant-Appellee. | ) | Judge Presiding |

PRESIDING JUSTICE McBRIDE delivered the opinion of the court:

Sheldon Engel, a practicing attorney, appeals from a circuit court order granting the motion of his former client Marsha Loyfman to vacate an agreed settlement order in his suit to enforce an attorney retainer agreement. In addition to granting Loyfman's motion, the court *sua sponte* dismissed Engel's suit for lack of subject matter jurisdiction. The primary issue on appeal is whether the circuit court lacked subject matter jurisdiction over former counsel's breach of contract action because the action was filed before the expiration of the 90-day period specified in section 508(e)(1) of the Illinois Marriage and Dissolution of Marriage Act. 750 ILCS 5/5508(e)(1) (West 2004). Engel contends the court misconstrued the statute and that the principles of waiver and equitable estoppel should have prevented Loyfman from challenging the agreed settlement order.

Loyfman hired Engel in 2005 to pursue what were purportedly millions of dollars in assets concealed by her ex-husband during their 2004 divorce proceedings. After Loyfman executed Engel's retainer contract, he filed a petition under section 2-1401 of the Code of Civil

Procedure to vacate the financial portion of her divorce judgment. See 735 ILCS 5/2-1401 (West 2004). Section 2-1401, which is also relevant in the current proceedings, is a means "to bring facts to the attention of the court which, if known at the time of judgment, would have prevented its entry." *In re Marriage of Gorman,* 284 Ill. App. 3d 171, 182, 671 N.E.2d 819, 827 (1996). When Loyfman subsequently asked Engel to withdraw the postjudgment petition, he surmised she and her ex-husband had reached a "secret settlement" that would limit the attorney fees he had been anticipating. Therefore, instead of complying with her directions, Engel sought the circuit court's leave to immediately withdraw from the postdissolution proceedings due to "personal differences" with his client. On January 20, 2006, the court granted Engel leave to withdraw *instanter*.

Ten days after his withdrawal, Engel initiated the current action by filing a *pro se* breach of contract complaint on January 30, 2006, based on the written retainer agreement. He alleged he was retained at the rate of $350 per hour, devoted 185 hours to Loyfman's case between April 16, 2005, and January 16, 2006, and was contractually entitled to attorney fees totaling $64,750 as well as reimbursement for litigation costs totaling $2,001. He further alleged that although Loyfman tendered $51,116, she still owed him $15,635. Less than two weeks later, the circuit court entered an agreed order on February 9, 2006, which rendered judgment in Engel's favor but stayed execution of the $15,635 judgment so long as Loyfman was adhering to an installment payment schedule.

However, on March 10, 2006, December 26, 2006, and February 5, 2007, respectively, Loyfman filed a motion, amended motion, and second amended motion to vacate the agreed

1-07-1468

judgment order, arguing in part that the court never had subject matter jurisdiction over the breach of contract suit, because Engel filed his complaint prematurely.

Loyfman's lack-of-jurisdiction argument relied on the fact that Engel filed suit within just weeks of his withdrawal and on section 508(e)(1) of the Illinois Marriage and Dissolution of Marriage Act, which provides:

> "(e)  Counsel may pursue an award and judgment against a former client for legal fees and costs in an independent proceeding in the following circumstances:
>
>> (1)  While a case under this Act still pends, a former counsel may pursue such an award and judgment at any time subsequent to 90 days after the entry of an order granting counsel leave to withdraw[.]"  750 ILCS 5/508(e)(1) (West 2004).[1]

In addition to disputing the court's jurisdiction over Engel's action, Loyfman also contended in her various motions that the settlement agreement should be vacated because she did not have the benefit of legal counsel and Engel coerced her to enter into the settlement agreement with "representations" that a judgment would jeopardize her pending purchase of a home.  She believed one of the purposes of the settlement agreement was to preclude a judgment altogether.

---

[1]    The statute was amended effective July 7, 2006, to change the phrase "While a case under this Act still pends" to "While a case under this Act is still pending."  Pub. Act 94-1016, eff. July 7, 2006.

3

Loyfman further contended that as a layperson, she was unaware she could contest the reasonableness of the amount of fees Engel was claiming and unaware that her ex-husband could have been ordered to bear at least some of the litigation expenses due to her inability and his ability to pay them. See *Kaiser v. MEPC American Properties, Inc.*, 164 Ill. App. 3d 978, 518 N.E.2d 424 (1987) (a contract for payment of attorney fees does not relieve counsel of his burden to establish the reasonableness of the amount requested; an appropriate fee consists of reasonable charges for reasonable services; an adequate fee petition is based on detailed records maintained during the litigation which disclose specific facts and computations and specify the services performed, by whom they were performed, the time expended and the hourly rate charged); 750 ILCS 5/508(e)(2) (West 2004) ("the former client may bring in his or her spouse as a third-party defendant"). Loyfman also cited section 508(d) of the Marriage and Dissolution of Marriage Act for the proposition that a consent judgment between an attorney and his or her own client is prohibited. 750 ILCS 5/508(d) (West 2004) ("A consent judgment, in favor of a current counsel of record against his or her own client *** is prohibited"). Loyfman personally verified that the statements in the second amended motion were true and correct.

After considering the parties' written and oral arguments, the court granted Loyfman's motion and entered the order now on appeal:

> "The Defendant's second amended motion to vacate agreed
>
> order of February 9, 2006, is granted on the sole basis that *** the
>
> 508(e)(1) requirement that [a] former attorney may pursue a
>
> judgment for legal fees at any time subsequent to 90 days after

> withdrawal, is <u>jurisdictional</u> (as to subject matter) and <u>not</u>
>
> <u>procedural</u>. The complaint for fees filed in this cause, No. 06 M1
>
> 106381, is dismissed <u>without</u> prejudice to refiling under a different
>
> case number." (Emphasis in original.)

Engel contends this order is subject to *de novo* review because Loyfman's second amended motion to vacate the agreed settlement order presented a question of law. We disagree. Loyfman's second amended motion to vacate the agreed settlement order presented a handful of arguments, including an argument regarding the court's jurisdiction over Engel's action, which is a question of law. Nevertheless, because Loyfman was presenting the arguments as grounds for vacating the agreed judgment, and because she filed the motion more than 30 days after the agreed judgment was entered, she was presenting a section 2-1401 petition for relief from judgment. See 735 ILCS 5/2-1401(e) (West 2004). A section 2-1401 petition is directed to the circuit court's sound exercise of discretion, and the resulting decision will not be disturbed on review unless the court has abused its discretion. *Thompson v. IFA, Inc.*, 181 Ill. App. 3d 293, 296, 536 N.E.2d 969, 971 (1989). Thus, although one of the issues addressed by the circuit court was a question of law, the court's ruling on Loyfman's motion is reviewed for an abuse of discretion.

Engel offers two arguments for reversal. He first contends that because more than 90 days passed between the filing of his complaint on January 20, 2006, and the hearing of Loyfman's motion on May 21, 2007, the statute's 90-day waiting period was satisfied and should have been deemed a moot issue. Engel presented this "mootness" theory in the circuit court, and

although the written order on appeal does not expressly reject it, the court impliedly rejected it by concluding the statute was controlling. We find Engel waived this contention on appeal by failing to cite and apply precedent about statutory interpretation and the concept of mootness, as mandated by the rule about the contents of appellate briefs. See 210 Ill. 2d R. 341(h)(7) (formerly Rule 341(e)(7), the rule requires an appellant to provide supporting reasoning and citation to authority and the record on appeal). Waiver aside, Engel's mootness theory is not based on any statutory language and is not persuasive. Questions of statutory interpretation require us to ascertain and give effect to the intention of the legislature as indicated by the plain language used in the statute. *Haber v. Reifsteck*, 359 Ill. App. 3d 867, 870, 835 N.E.2d 187, 190 (2005). The plain language of this statute requires the expiration of least "90 days after the entry of an order granting counsel leave to withdraw" before the former representative "may pursue *** an award and judgment [for legal fees and costs in an independent proceeding]." 750 ILCS 5/508(e)(1) (West 2004). This language clearly and unequivocally prevents counsel from even "pursu[ing]" legal fees and costs within the first 90 days after the court has given leave to withdraw as counsel. The statute gives no other options. The inescapable conclusion is that Engel violated the statute by filing the action 10 days after his withdrawal as Loyfman's counsel. His proposed interpretation of the statute is contrary to its plain meaning.

Engel's other argument relies on the circumstances surrounding entry of the agreed settlement order. He argues the principles of waiver or equitable estoppel should have prevented Loyfman from seeking to vacate the agreed judgment order, because she implicitly waived the 90-day period by entering into the agreed judgment or because she was equity precluded a

challenge to the agreed judgment once she benefitted from its terms when Engel did not immediately pursue its execution and thereby upset her plans to buy a new home in February 2006. Waiver, however, is the intentional relinquishment of a known right (see, *e.g.*, *Sexton v. Smith*, 112 Ill. 2d 187, 492 N.E.2d 1284 (1986), and Loyfman, an unrepresented layperson, alleged she was ignorant of her legal rights. She indicated she was unaware of the statute's 90-day waiting period when attorney Engel "pressured and coerced" into the hasty agreement "so as not to risk having a judgment placed against her" when she was about to close on a real estate transaction after her divorce. Furthermore, her allegation that she entered into the agreement in order to avoid a judgment, when the agreement actually required the imposition of a judgment, suggests Loyfman did not understand its terms. Generally, courts do not vacate consent orders, but Loyfman's allegations implicate the principle that exceptions will be made upon a showing of coercion in the making of the agreement, gross disparity in the position or capacity of the parties, or errors of law apparent on the face of the record. *Thompson*, 181 Ill. App. 3d at 296, 536 N.E.2d at 971.

Even so, the order on appeal indicates the circumstances that led to entry of the agreed settlement order were never fully explored in the circuit court, due to the court's erroneous belief that section 508(e)(1) deprived it of authority over Engel's claim, which necessitated the granting of Loyfman's section 2-1401 petition and the dismissal of Engel's pleading. 750 ILCS 5/508(e) (West 2004); 735 ILCS 5/2-1401 (West 2004). The court demonstrated its misapprehension of the law by stating in the written order on appeal that section 508(e)(1) (750 ILCS 5/508(e) (West 2004)) imposed a 90-day waiting period which was a "<u>jurisdictional</u>" impediment to former

counsel's right to sue instead of a mere "procedural" limitation. (Emphasis in original.) The court was indicating the statute's 90-day waiting period is an unwaiveable condition precedent for exercising subject matter jurisdiction, instead of a procedural limitation which can be waived. The court was apparently relying on the analysis in a case both Loyfman and Engel cited, *In re Marriage of Fields*, 288 Ill. App. 3d 1053, 681 N.E.2d 166 (1997), which concerned a statutory waiting period for spouses to live apart before seeking a divorce. However, the supreme court discredited this analytical approach in *Belleville Toyota* and indicated that after the 1964 amendments to the Illinois Constitution this type of analysis is properly "confined to the area of administrative review." *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 338, 770 N.E.2d 177, 186 (2002).

Prior to 1964, the circuit courts' "original jurisdiction" extended only to causes of action that were based on equitable principles or the common law. *Belleville Toyota*, 199 Ill. 2d at 336, 770 N.E.2d 186, citing Ill. Const. 1870, art. VI, §12. The right to divorce did not exist at common law and is "entirely statutory in origin and nature." *In re Marriage of Fields*, 288 Ill. App. 3d at 1058, 681 N.E.2d at 170. Under the pre-1964 system, if the legislature created a statutory cause of action, the legislature was dictating the terms by which the court obtained jurisdiction. *Belleville Toyota*, 199 Ill. 2d at 338, 770 N.E.2d at 186. A litigant's failure to conform strictly to all of the statutory requirements meant the court lacked authority to hear and determine the statute-based action. *Belleville Toyota*, 199 Ill. 2d at 338, 770 N.E.2d at 186. A limitations period in a statutory cause of action was considered more than "an ordinary statute of limitations; it [was] a condition of the liability itself and [went] to the subject matter jurisdiction

8

of the court." *Belleville Toyota*, 199 Ill. 2d at 338, 770 N.E.2d at 186.  However, the legislature amended the judicial article of the 1870 constitution as of 1964 and "radically changed the legislature's role in determining the jurisdiction of the circuit court." *Belleville Toyota*, 199 Ill. 2d at 337, 770 N.E.2d at 186.  "Under the new judicial article, the circuit court enjoyed 'original jurisdiction *of all justiciable matters*, and such powers of review of administrative action as may be provided by law.' " (Emphasis added.)  *Belleville Toyota*, 199 Ill. 2d at 337, 770 N.E.2d at 186, quoting Ill. Const. 1870, art. VI, §9 (amended 1964).  "Thus, the legislature's power to define the circuit court's [subject matter] jurisdiction was expressly limited to the area of administrative review." *Belleville Toyota*, 199 Ill. 2d at 337, 770 N.E.2d at 186.  We are currently subject to the 1970 constitution, which retained this limitation.  *Belleville Toyota*, 199 Ill. 2d at 337, 770 N.E.2d at 186, citing Ill. Const. 1970, art. VI, §9.  Accordingly, the "precedential value of case law which examines a court's jurisdiction under the pre-1964 judicial system is necessarily limited to the constitutional context in which those cases arose." *Belleville Toyota*, 199 Ill. 2d at 337, 770 N.E.2d at 186.

The supreme court specifically identified *In re Marriage of Fields*, 288 Ill. App. 3d 1053, 1057, 681 N.E.2d 166 (1997), as one of a handful of cases decided after 1964 which continues to state "that the legislature, in defining a justiciable matter, may impose 'conditions precedent' to the court's exercise of jurisdiction that cannot be waived." *Belleville Toyota*, 199 Ill. 2d at 335, 770 N.E.2d at 185. The supreme court continued:

> "We necessarily reject this view because it is contrary to *** [our
>
> current constitution].  Characterizing the requirements of a

statutory cause of action as nonwaivable conditions precedent to a court's exercise of jurisdiction is merely another way of saying that the circuit court may only exercise that jurisdiction which the legislature allows. We reiterate, however, that the jurisdiction of the circuit court is conferred by the constitution, not the legislature. Only in the area of administrative review is the court's power to adjudicate controlled by the legislature." *Belleville Toyota*, 199 Ill. 2d at 336, 770 N.E.2d at 185.

Thus, post-1964 cases such as *Fields*, which use pre-1964 terminology and analysis outside the area of administrative review, are "creating confusion and imprecision in the case law." *Belleville Toyota*, 199 Ill.2d 338, 770 N.E.2d at 186.

The circuit court's reliance on an outdated rationale for granting Loyfman's second motion to vacate the agreed settlement order and for *sua sponte* dismissing Engel's action was a clear misapprehension of the law and a manifest abuse of discretion. The court did in fact have subject matter jurisdiction over Loyfman and Engel's dispute and could have resolved the substantive arguments that were presented. *Belleville Toyota*, 199 Ill. 2d at 337, 770 N.E.2d at 186. Accordingly, this case must be reversed and remanded to the circuit court for further proceedings as to Loyfman's motion. *Robinson v. Ryan*, 372 Ill. App. 3d 167, 173, 865 N.E.2d 400, 406 (2007) (a trial court abuses its discretion in a section 2-1401 proceeding where it fails to apply the proper legal criteria). See also *Sidwell v. Sidwell*, 75 Ill App. 2d 133, 142, 220 N.E.2d 479, 484 (1966) (reversing a discretionary ruling where the court misapprehended the controlling

1-07-1468

rule of law); *Dallas v. Granite City Steel Co.*, 64 Ill. App. 2d 409, 420, 211 N.E.2d 907, 912 (1965) (indicating a discretionary ruling should be reversed where there has been an abuse of discretion or the court manifests a misapprehension of the law).

A section 2-1401 petition should be granted where the petitioner has pled and established a meritorious defense to the plaintiff's action as well as due diligence in presenting the defense and in filing the section 2-1401 petition for relief. *Thompson*, 181 Ill. App. 3d at 298-99, 536 N.E.2d at 970. Loyfman's due diligence has never been in dispute. Loyfman filed her original motion to vacate within 30 days of entry of the agreed settlement order, and then filed her first and second amended versions in response to Engel's challenges to its sufficiency. In the event the court determines Loyfman's allegations of a meritorious defense to Engel's action were sufficiently controverted by Engel's written response, the court should resolve the issue by conducting an evidentiary hearing as to the circumstances surrounding the agreed settlement order.

Reversed and remanded.

McNULTY and O'MALLEY, JJ., concur.