**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230059-U

Order filed March 12, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| DURWOOD LARSEN, | ) | Appeal from the Circuit Court |
| | ) | of the 21st Judicial Circuit, |
| Plaintiff-Appellee, | ) | Iroquois County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-23-0059 |
| | ) | Circuit No. 22-SC-128 |
| LARRY GODBOLD, | ) | |
| | ) | The Honorable |
| Defendant-Appellant. | ) | Michael C. Sabol, |
| | ) | Judge, presiding. |

PRESIDING JUSTICE McDADE delivered the judgment of the court.
Justices Holdridge and Brennan concurred in the judgment.

**ORDER**

¶ 1      *Held*: The circuit court's order was a consent order that was unassailable on appeal. Appeal dismissed.

¶ 2      The plaintiff, Durwood Larsen, filed a small-claims action against the defendant, Larry Godbold, seeking to recover damages Godbold allegedly caused to property owned by Larsen. On the date the case was called for trial, the parties entered into an agreement to settle the claim. Godbold subsequently appealed. We dismiss the appeal for lack of jurisdiction.

¶ 3                           I. BACKGROUND

¶ 4 In September 2022, Larsen filed a small-claims action against Godbold, alleging that Godbold had borrowed Larsen's utility trailer and damaged it. Larsen alleged that Godbold refused to pay for the damage. Godbold countersued, alleging that Larsen owed him for 21 months of storage space for the trailer and other items, at a rate of $100 per month.

¶ 5 Both parties proceeded *pro se*. Prior to trial, Godbold was allegedly involved in a serious accident[1] and could not attend the December 2022 trial date. The trial date was postponed for several weeks.

¶ 6 The circuit court's minute entries state that the case was called for a hearing on January 6, 2023, and that "[b]y agreement, judgment to enter against defendant for $2,200." A timely appeal was filed on his behalf by student-attorneys from the University of Illinois College of Law.

¶ 7 Subsequent to the filing of the notice of appeal, a bystander's report was filed with this court that stated the following regarding the January 2023 hearing:

"Plaintiff and Defendant both appear as self-represented litigants. Both Plaintiff and Defendant agree to speak outside of the courtroom. After reentering the courtroom, Plaintiff and Defendant express that they have reached an agreement. They agreed that judgment would be entered against Defendant in the amount of $2,200 and that Defendant would withdraw his counterclaim against Plaintiff. Judge Sabol accordingly enters judgment in the amount of $2,200 against Defendant, and Defendant agreed to pay on the same day."

---

[1] In his brief, Godbold alleges that the "serious accident" resulted in cognitive impairment and other related matters, and he cites to the record on appeal to support of those claims. However, there is nothing in the record stating anything other than Godbold was in a "serious accident." For example, Godbold claims that "[h]is memory has deteriorated, he has trouble maintaining conversations, and he is often confused. CL. 11." However, page 11 of the common law record merely contains a receipt from the circuit court that Larsen received when he filed the case and paid the associated filing fees.

Documents contained in the record indicate that Godbold did not pay.

¶ 8                                      II. ANALYSIS

¶ 9        On appeal, Godbold cites to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)) and "asks this court to reconsider, or, in the alternative, reopen proofs as to, its ruling based on evidence that was not available at the time of the circuit court's hearing." He asserts that the "significant mental impairment" he suffered due to his accident prevented him from presenting evidence at the hearing in January 2023—evidence that he claims is newly discovered because he did not have the cognitive ability to present it at the hearing. He asks not that this court reverse the circuit court's judgment, but rather to afford him an opportunity to present evidence, through counsel, at a new hearing on the small-claims complaint.

¶ 10        Initially, we note that Godbold has appealed from a consent order. "A consent order is generally regarded as one entered by the court that recites a settlement agreement reached as an independent undertaking by the parties, which may supersede pleadings and evidence and limit the relief to be granted." *Thompson v. IFA, Inc.*, 181 Ill. App. 3d 293, 296 (1989). Such orders are generally not reviewable. See, *e.g.*, *Massell v. Daley*, 404 Ill. 479, 483 (1949) (holding that "where a decree is entered by consent of the parties no appeal can be perfected therefrom because the decree is not a judicial determination of the rights of the parties but merely is a recital of the agreement of the parties"). Because the circuit court's consent order is not a final and appealable order under Illinois law, we lack jurisdiction to review it and must dismiss this appeal. See *People ex rel. Fahner v. Colorado City Lot Owners and Taxpayers Association*, 106 Ill. 2d 1, 8 (1985).

¶ 11        Further, even if we had jurisdiction to consider the consent order, it has not been properly invoked by Godbold in this case. There are exceptions to the inability to challenge a consent order do exist, two of which are the incompetence of one of the parties and newly discovered evidence.

*City of Marseilles v. Radke*, 287 Ill. App. 3d 757, 760 (1997). Consent orders can be attacked pursuant to section 2-1401 of the Code; however, section 2-1401 petitions are not filed with a court of review. Rather, they are filed in the circuit court. *Price v. Phillip Morris, Inc.*, 2015 IL 117687, ¶ 25 (holding that "[w]hen a petitioner seeks relief from the final judgment of a circuit court under section 2-1401, the petition must be filed in the circuit court in which the contested judgment was entered and must allege either that the petitioner had a valid claim in the original action (if he was an unsuccessful plaintiff) or a valid defense (if he was an unsuccessful defendant)").

¶ 12                                          III. CONCLUSION

¶ 13            For the foregoing reasons, we dismiss the appeal taken from the judgment of the circuit court of Iroquois County.

¶ 14            Appeal dismissed.